UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **WANDA I SANTIAGO-SALICRUP**<br><br>**Debtor** | CASE NO. 19-06953 (ESL)<br><br>Chapter 13 |

**MOTION FOR RECONSIDERATION TO VACATE
OR MODIFY CONFIRMATION ORDER**

**TO THE HONORABLE COURT:**

COMES NOW, Banco Popular de Puerto Rico (hereafter "BPPR"), through the undersigned attorney, and hereby moves the Honorable Court to vacate or modify the *Order Confirming Plan* [Docket No. 36].

**INTRODUCTION**

1. On November 26, 2019, Wanda I. Santiago-Salicrup (Debtor) filed a voluntary Chapter 13 petition for bankruptcy relief ("the Petition"). The required schedules were not filed with the Petition. See Docket No. 1

2. On January 6, 2020, the Debtor filed her Chapter 13 Plan of Reorganization (the "Plan"). See Docket No. 17

3. On February 14, 2020, the Debtor filed an amendment to the Plan. See Docket No. 26

4. On February 24, 2020, the Chapter 13 Trustee did not recommend the Plan, as amended by Docket no. 26.

1

5. On March 12, 2020, the Debtor filed Motion requesting entry of order to Confirm the Plan as amended. See Docket No. 34.

6. On March 13, 2020, BPPR filed Objection to Debtor's Claim of Exemption, pursuant to Section 522(l) of the Bankruptcy Code and Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure, based on Debtor's failure to comply with state law requirements to be able to claim a homestead right over the real property listed in Schedule A/B since she did not comply with the requirements set out in Section 11 and 12 of the Puerto Rico Home Protection Act of 2011. Specifically, Debtor did not: (1) file a sworn motion including the description of the property being protected as entered in the Registry and a statement to the fact that she used the property as her principal residence pre-petition; (2) disclose in Schedule C whether or not her claimed homestead is registered at the Property Registry; (3 attach to Schedule C the sworn statement required in Article 12 of the PR Home Protection Act; (4) explain why the real property is not registered under her name. See Docket No. 35

7. On March 13, 2020, the Honorable Court issued Orden Confirming Plan. See Docket No. 36

8. On March 16, 2020, the United States Bankruptcy Court for the District of Puerto Rico issued the General Order 20-03 extending all periods set by statutes of limitations applicable

2

to causes of action, cases and proceedings filed, or to be filed in this court, until Monday, April 13, 2020 in light of the Executive Order signed by the Governor of Puerto Rico on Sunday March 15, 2020 due to the coronavirus pandemic (COVID-19).

9. On April 13, 2020, the Debtor requested an extension of time to reply to BPPR's Objection to Debtor's Claim of Exemption. See Docket No. 39.

10. On April 14, 2020, the Court granted Debtor's 30 days to reply to BPPR's Objection to Debtor's Claim of Exemption. See Docket No. 40.

**ARGUMENTS TO ALTER OR AMEND THE CONFIRMATION ORDER**

BPPR seeks reconsideration of the confirmation order only 11 days after its entry.[1] There are several provisions to

---

[1] The order of confirmation was issued on March 13, 2020, but the United States Bankruptcy Court for the District of Puerto Rico issued on March 16, 2020 General Order 20-03 in which it ordered "[a]ll periods set by statutes of limitations applicable to causes of action, cases and proceedings filed, or to be filed in this court, are hereby extended until Monday, April 13, 2020." On March 12, 2020, Hon. Wanda Vázquez Garced, Governor of Puerto Rico, issued Administrative Bulletin No. OE-2020-020, declaring a state of emergency in the face of the imminent impact of the Coronavirus (COVID-19) on Puerto Rico. A state of emergency was declared throughout Puerto Rico regarding the COVID-19 outbreak to carry out all efforts and implement all necessary measures to safeguard the health, welfare and public safety of our citizens, in order to minimize or avoid the risk of any situation that represents or constitutes a threat to public health or safety. Following the aforementioned emergency declaration, on March 15, 2020, the Governor of Puerto Rico issued Administrative Bulletin No. OE-2020-023, establishing additional measures to prevent the spread of COVID-19 in Puerto Rico, including, among other measures, the implementation of a curfew applicable to all citizens starting at 9:00 pm on Sunday, March 15, 2020, which was in effect until March 30, 2020. Likewise, a closure was ordered of government operations, except those related to essential services, as well as the closure of all businesses in Puerto Rico from 6:00 pm on March 15, 2020, until March 30, 2020, with several exceptions. Subsequently, on March 30, 2020, the Governor of Puerto Rico issued Administrative Bulletin No. OE-2020-029, with the purpose of, among other measures, extending the curfew and

3

accomplish the request: § 1330 of the Bankruptcy Code, or Fed. R. Bankr.P. 9023 (which incorporates Fed.R.Civ.P. 59 into the Bankruptcy Rules), or Fed. R. Bankr.P. 7052 (which incorporate Fed.R.Civ.P. 52). Section 1330 provides for revocation of an order for fraud. Rule 52(b) states that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." BPPR's objection does not allege fraud, but rather that Debtor failed to properly exempt property of the estate under state law. Fed. R. Bankr.P. 9023 states that "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." BPPR's motion is made within the 14-day window of Fed. R. Bankr.P. 9023.

Thus, based upon a timely motion, factual findings may be altered or amended by the trial judge without granting a new trial if the changes are warranted. See, e.g., U.S. Gypsum Co. v. Schiavo Bros., Inc., 668 F.2d 172, 180 n. 9 (3d Cir.1981). A

---

closing of government and private sector operations, with few exceptions, until April 12, 2020. In addition, on April 7, 2020, it issued Administrative Bulletin No. OE-2020-032, in order to establish more aggressive measures to combat COVID-19 during the days April 10, 11 and 12, 2020. On April 12, 2020, the Governor of Puerto Rico issued Administrative Bulletin No. OE-2020-033 ("OE-2020-033"), whose purpose is to extend the curfew and closure of government and private sector operations until May 3, 2020. Therefore, based on this background and the General Order 20-03, the statute of limitation was tolled on March 15, 2020 until April 13, 2020.

4

motion under Rule 52(b) "is not intended to allow parties to rehash old arguments already considered and rejected by the trial court". Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) In this case BPPR is not rehashing old arguments already considered and rejected by the trial court.  Rather BPPR argues that its argument was not considered, and therefore, the purpose of this motion is intended to "permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court".  Id. at 123.

The decision whether to amend findings of fact or conclusions of law under Rule 52(b) is within the discretion of the trial court. See Dash v. Chicago Insurance Co., 2004 WL 2337021, at *1 (D.Mass.2004). In order to prevail under rule 52(b), "the movant must show that the motion is necessary to correct manifest errors of law or fact." Edwards v. Wyatt, 2007 WL 136687, at *1 (E.D.Pa.2007).

BPPR filed an objection to the Debtor's election to deem her principal residence as exempt property of the state, prior to this Honorable Court's issuance of the confirmation order. Therefore, the Court should vacate the Order Confirming Plan or modify the Order Confirming Plan, until the Court resolve's BPPR's objection to the Debtor's failed election to exempt property of the estate under state law.  BPPR's contention in

the objection to Debtor's claim of exemption is that Debtor has operated in bad faith by filing this Petition and its schedules and thus, this Court should not concede to any request to further amend the schedules to correct the listed deficiencies in the claim of exemption.

Debtor's actions have clearly misguided this Honorable Court and all her creditors since she tried to exempt from distribution a property valued in $180,000.00 which clearly affects the amount that unsecured creditors would be paid upon liquidation of the estate. Therefore, the Plan, as amended, did not satisfy the requirements for confirmation. Generally, an order confirming a chapter 13 plan is not revocable unless it is established that the order was procured by fraud.

BPPR also seeks to vacate the Order Confirming Plan pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 9023. Pursuant to Bankruptcy Rule 9023, BPPR moves this Court to vacate the Order Confirming Plan because Debtor's Plan, as amended, is based on Debtor's failed election to exempt property of the estate either under federal bankruptcy law or under state law or non-bankruptcy federal law.[2]

"Fed.R.Civ.P. 59 is incorporated by Fed. R. Bankr. 9023,

---

[2] Section 522(b)(2) allows a state to prohibit its residents from electing the federal bankruptcy exemptions. Puerto Rico has not joined such "opt out states" and thus its residents are free to elect either the state or federal exemption scheme.

6

and complements Rule 52(b). *U.S. Gypsum Co.*, 668 F.2d at 180. Rule 59(e) allows the court to revisit a judgment to correct "manifest errors of law or fact or to present newly discovered evidence." *Blue Mountain Mushroom Co., Inc., v. Monterey Mushroom, Inc.*, 246 F.Supp.2d 394, 398 (E.D.Pa.2002) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985))." In re Reading Broadcasting, Inc., 386 B.R. 562, 566 (Bankr. E.D Pennsylvania 2008)

A motion to alter or amend a judgment (i.e. a motion for reconsideration) "is an extraordinary remedy which should only be used sparingly" and is typically denied. See Palmer v. Champion, 465 F.3d 24, 30 (1st Cir. 2006) and Silva Rivera v. State Insurance Fund Corp., 488 F. Supp. 2d 72, 78 (D.P.R. 2007). A motion for reconsideration "is not an appropriate mechanism to reiterate previous arguments or assert arguments that could have, or should have, been raised initially." R&T Roofing Contractor, Corp. v. The Fusco Corporation, D. P.R. December 9, 2016, 2016 WL 7187315. The reconsideration mechanism "cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the court." Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D. P.R. 2009) (internal citations and quotations omitted).

Case law for the Court of Appeals for the First Circuit "generally offer three grounds for a valid Rule 59(e) motion: an

7

'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence." Soto-Padró, v. Public Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012), Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 233 (D. P.R. 2009) and Silva Rivera v. State Insurance Fund Corp., 488 F. Supp. 2d 72, 78 (D. P.R. 2007).

Rule 59(e) provides no express elaboration regarding the proper grounds for granting such a motion or even which judgments are susceptible to amendment by Rule 59(e). However, the First Circuit has determined that Rule 59(e) generally "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (citation and internal quotation marks omitted). A Rule 59(e) motion provides no second-chance for litigation, but aims to correct an error by the court without the additional burden of initiating appellate review. See Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." (citation omitted)).

The Debtor claimed her principal residence exemption under state law - the Puerto Rico Home Protection Act of 2011, as amended.[3]

To receive the maximum protection under the 2011 PR Home Protection Act, the statute requires a homeowner to either declaring it in the purchase deed upon acquisition of the property or if the property was already acquired, and title has been recorded in the Registry of the Property in favor of the Debtor, then by "executing a declaration before a notary public stating that the parcel is covered by homestead protection record a declaration of homestead."[4] "The Puerto Rico Home Protection Act does not require that a homestead claimant's ownership title of a property be registered with the Property Registry of Puerto Rico in order for the claimant to declare a homestead right over that property." <u>Mendez Garcia v. Rushmore Loan Management Services as service agent of Roosevelt Cayman Asset Company</u>, 2018 WL 4677669 at page 6.

Determining whether a homeowner is entitled to a declared homestead exemption involves a two-part inquiry. A court will consider first whether the Debtor is the owner of the property over which the homestead right is being claimed and second,

---

[3] PR Laws Ann. tit. 31, § 1858-1858k., Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (in Spanish titled "*Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar*", hereinafter the "2011 PR Home Protection Act").
[4] Id. at § 1858f.

9

whether it is occupied as the principal residence by the individual claimant or his/her family. 31 P.R. Laws Ann. § 1858; see In re Nazario, 533 B.R. at 4; In re Hernández, 487 B.R. at 357; Rivera García v. Registradora, 189 P.R. Dec. 628, 636-637 (2013).

"The 2011 PR Home Protection Act does not expressly address how Puerto Rico residents who file for bankruptcy must claim the homestead right in their bankruptcy petitions. Thus, a debtor must have complied with the requirements in the 2011 PR Home Protection Act as of the petition date in order to properly claim the homestead exemption under state (Puerto Rico) law in a bankruptcy proceeding." In re Hernandez, 487 B.R. 353 (Bank. P.R. 2013)

"Although Rule 52(b) is not intended to allow parties to rehash old arguments already considered and rejected by the trial court, see *American Train Dispatchers Ass'n v. Norfolk & Western Ry. Co.*, 627 F.Supp. 941, 947 (N.D.Ind.1985), its purpose is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court. Under the rule, the trial court is the first recourse for the correction of errors. If the errors, in its opinion, require reversal of its first judgment, we see no good reason why it must remain shackled to that judgment. Consequently, we join those authorities that have stated that "a

10

party may move to amend the findings of fact even if the modified or additional findings in effect reverse the judgment." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986); see also 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 52.11[2], at 197-99 (2d ed. 1989) ("If the trial court has entered an erroneous judgment it should correct it.")." <u>National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.</u>, 899 F.2d 119, 123 (1st Cir. 1990); See also <u>In re Redondo Construction Corporation</u>, 2019 WL 6130938, (Bankr. D. Puerto Rico 2019)

Fed. R. Civ. P. 52(b) motions proceed only when a party demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence. In this case, the issuance of the confirmation order prior to the consideration of BPPR's opposition to the Debtor's exemption could. if BPPR prevails in its opposition, alter the Plan to such extent that it would render the Plan not complaint with the Bankruptcy Code. BPPR's request is not a second opportunity to present its argument, but rather pleading to the Honorable Court to grant it the consideration to litigate its point of contention regarding Debtor's non-compliance with state law requirements for claiming property exempted, and for the Court to adjudicated the matter.

BPPR requests that the Honorable Court either vacate or

11

modify the Order Confirming Plan to make clear that the Order Confirming Plan and the Plan shall not have any effect on BPPR's pending Objection to Debtor's Claim of Exemption against the Debtor and, in the event BPPR prevails in that action, the Plan will be amended to provide distributions to BPPR and all other creditors under the Plan which include the value of the property of the estate that Debtor allegedly claimed as exempted under state law, but without complying with the requirements of state law.

WHEREFORE, it is respectfully requested that this Court vacate or modify the confirmation order or grant a hearing on the merits of BPPR's opposition or provide such remedy the Honorable Court determines applicable based on the facts and law applicable to this motion.

**NOTICE OF TIME TO RESPOND**

You are hereby notified of the filing of a Motion for Reconsideration. If within fourteen (14) days after service as evidenced by this certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or other appropriate response to this paper with the Clerk's office of the US Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the Stipulation will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Bankruptcy Court, the interest of justice requires otherwise.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF

12

system, which will send notification of such filing to all CM/ECF participants in this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on this April 21, 2020.

*Counsel for Creditor-* Banco Popular de Puerto Rico
Juan C. Salichs, Esq.
USDC-PR No. 211610
PO BOX 195553
San Juan, Puerto Rico 00919-5553
Tel. (787) 449-6000
Fax (787) 474-3892
*S* Juan C. Salichs
JUAN C. SALICHS
E-mail: jsalichs@splawpr.com