## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | |
| **WANDA I. SANTIAGO SALICRUP** | **CASE NO. 19-06953-ESL** |
| **DEBTOR** | **CHAPTER 13** |

## REPLY TO BANCO POPULAR DE PUERTO RICO'S OBJECTION TO CLAIM OF EXEMPTION, DOCKET NUMBER 35

**COMES NOW** debtor through the undersigned counsel and very respectfully states and prays as follows:

**I.   FACTURAL BACKGROUND:**

1. On November 26, 2019, debtor filed the instant voluntary Chapter 13 petition.  See docket no. 1.

2. Debtor is the sole owner of the property located at Urbanización San Gerardo, Calle Nevada #130, San Juan PR (hereinafter "the property").  The description in the Registry of the Property is as follows: "URBANA: Solar dieciocho (18) del Bloque "F" cinco (F-5) del plano de inscripción de la Urbanización San Gerardo, radicada en el Barrio Cupey de Rio Piedras del término municipal de San Juan, con un área de trescientos treinta y sitete punto cincuenta (337.50) metros cuadrados. En lindes por el Norte, en trece puntos cincuenta (13.50) metros con la calle cinco (5); por el SUR, en trece punto cincuenta (13.50)  metros, con el solar siete (7); por el ESTE, en veinticinco metros con el solar diecinueve, y por el OESTE en veinticinco (25.00) metros, con el solar diecisiete (17), todos del mismo plan de inscripción  de la referida urbanización. Enclava casa de concreto dedicada a vivienda." Property number 5526 at the Registry of Puerto Rico, 4th Section of San Juan, P.R.

3. Debtor acquired interest in the property from previous owner Jaime Luis Perez Nazario through Deed of Purchase number 141, executed on July 30, 2013, before notary public Francisco Arriví Silva.  **Hereby attached as Exhibit I is copy of the Deed of Purchase, and herein referred to as Purchase Deed.**

1

4. Debtor constituted a mortgage over the property through mortgage deed number 142 which was executed on July 30, 2013 before notary public Francisco Arriví Silva.

5. The Purchase Deed and Mortgage Deed were presented to the Registry of the Property, however the Mortgage Deed was notified with defects by the Registrar of the Registry of the Property of Puerto Rico.  The defects were never corrected and the mortgage deed was never recorded at the Registry of the Property.

6. Even though debtor is the real owner of the property, as per the Registrar's Certification, the property is recorded to the name of Jaime Luis Perez Nazario.  **Hereby attached as Exhibit II is copy of the Registrar's Certification.**

7. On November 25, 2019, debtor claimed her property as homestead through a Homestead Declaration.  On November 26, 2019, debtor presented the Homestead Deed to the Registry of the Property of Puerto Rico.  **Hereby attached as Exhibit III is copy of the Homestead Declaration and presentation receipt at the Registry of the Property.**

8. On or about December 24, 2019, Banco Popular de Puerto Rico (hereinafter "BPPR" and/or "creditor") filed proof of claim no. 2 alleging an unsecured claim in the amount of $143,172.94 for a mortgage loan.  See proof of claim no. 2.

9. Debtor included her interest over the property in Schedules A/B and claimed a homestead exemption over the property in Schedule C.  See docket no. 1.

10. On February 27, 2020, debtor filed amended Schedules A/B and C to include ELA Retirement Funds. See docket no. 30 and 31.

11. On March 13, 2020, BPPR filed an Objection to Debtor's Claim of Exemptions alleging that debtor did not comply with the requirements set out in the Puerto Rico Home Protection Act of 2011.  See docket no. 35.

2

12. Specifically, BPPR is alleging that debtor did not comply with the state law requirements set out in articles 11 and 12 of the Puerto Rico Home Protection Act of 2011.  BPPR alleges that debtor did not (1) file a 'sworn motion including the description of the property being protected as entered in the Registry and a statement to the fact that she used the property as her principal residence pre-petition; (2) that she 'did not disclose in Schedule C whether or not her claimed homestead is registered at the Property Registry'; (3) that she did not 'attach to Schedule C the sworn statement required in Article 12 of the PR Home Protection Act'; (4) and that she did not 'explain why the real property is not registered under her name'.  See docket no. 35.

## II.    APPLICABLE LAW AND DISCUSSION:

### A.  Puerto Rico's Mortgage Law

13. The Registry of the Property's main objective is the recordation or annotation of acts or contracts related to ownership and other real rights over real assets.  Puerto Rico's Civil Code, 31 L.P.R.A. Sec. 1871 Art 545.   As per Puerto Rico's Civil Code in order for property rights to exist they do not need to be recorded in the Registry of the Property.  31 L.P.R.A. sec. 1872 Art. 546.  In other words, the Registry of the Property does not grant, nor takes away, rights.  It only serves as a public record to protect third parties.

14. As per Article 1232(1) of the Puerto Rico Civil Code, 31 L.P.R.A. Section 3453 in order to transfer a legal title over real property, the person transferring title needs to execute it through a public deed.  The Registry, however, serves only as a public record and does not afford ownership rights.  Debtor has her legal Purchase Deed, Deed number 142 executed on July 30, 2013, before notary public Francisco Arrivi Silva.  The Purchase Deed is a valid document independently of its registration in the Registry of the Property. Thus,

3

debtor is the owner of the property and had to include such right, and she did, on docket number 30, Amended Schedule A/B.

15. As per Puerto Rico's Mortgage Law, the Registry of the Property's objective is the electronic recordation of rights, acts, and contracts that are related to real property. In Puerto Rico the recordation of rights, acts, and contracts is declarative. This is because the purpose of recording is to publish rights, acts, and contracts related to real property. Its purpose is **NOT** attributing ownership or legal rights.

16. However, there is an exception to the declarative recordation doctrine for some rights, acts, and contracts related to real property. As per Puerto Rico's Mortgage Law the constitutive doctrine where a document **needs** to be recorded in order to be valid applies in Puerto Rico for certain documents, such as a mortgage deed, surface right, equity servitude, and horizontal property regime. The constitutive doctrine means that the right only exists once it is recorded in the Registry of the Property. For example, under Puerto Rico's Mortgage law mortgages are of constitutive nature, that means they need to be recorded in order to exist. *Hernandez v. Banco Popular De Puerto Rico Popular Mortg., Inc. (In re Hernandez)*, 2016 Bankr. LEXIS 873 (Bankr. D.P.R. Mar. 18, 2016). Among the titles, transactions and contracts that shall be recorded in the Registry are: "[**c]onstitutive**, conveying, declaratory or extinguishing titles of ownership of real property or real rights." emphasis added) *Id.*

17. As discussed above the Registry of the Property's main purpose is to publish rights, acts, or contracts related to ownership and other real rights over real assets. Also, in order for rights to exist they **do not** have to be recorded in the Registry of the Property. **Only those**

**documents, which are constitutive by law, need to be recorded in order to exist and have validity.**

18. Puerto Rico's Supreme Court has established numerous times that the Registry of the Property does not give, nor takes away, legal rights. To this effect the Puerto Rico Supreme Court has explained that the legal protection afforded to third parties by the Registry of the Property is an exception to the general rule that the Registry of the Property does not give, nor takes away, legal rights. In Spanish: "La protección jurídica que se le concede al tercero registral suele verse como una excepción a los principios firmemente establecidos de que el **Registro no da ni quita derechos** y de que la inscripción **no** convalida los actos o contratos que sean nulos." *U.S.I Properties, Inc. v. El Registrador de la Propiedad, 124 D.P.R. 448 (2011).*

19. A deed declaring a homestead exemption under Puerto Rico's Homestead Act **need not** to be recorded in the Registry of the Property to have validity, given it is **not** a document included in the list found in Article 17 of P.R.'s Mortgage Law, 30 L.P.R.A. Section 6032. Further, the Registry of the Property does not grant, nor takes away, rights. That is, rights are created outside the Registry of the Property.  Debtor's ownership right, that is her Purchase Deed, **need NOT** be recorded either in order to have validity. Its validity is independent of its recordation, and its recordation only serves as a public registry and does not affect debtor's ownership rights.

20. The homestead exemption does not require registered ownership as does in other legal contracts under Article 17 of Puerto Rico's Mortgage and Registry of the Property Law, Law Number 210 of 2015, 30 L.P.R.A. section 6032 (hereinafter P.R. Mortgage Law). Under P.R. Homestead Exemption the Claimant does not have to be the registered owner

of an existing property in the Registry of the Property, when a claimant has a full legal title
and ownership outside the scope of the Registry of the Property.

### B. Exemptions: Puerto Rico Home Protection Act of 2011 and Case Law

21. "When a debtor files a bankruptcy petition, all of his/her/its assets become property of the
bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property
as exempt under 11 U.S.C. § 522." *In re Soto*, 2013 Bankr. LEXIS 2926, p. 6-7 (Bankr.
D.P.R. July 18, 2013). "A property becomes exempt by operation of law when no
objections are filed. See 11 U.S.C. § 522(l) of the Bankruptcy Court. But the mere fact that
debtors claim an exemption does not necessarily mean that they are entitled to it, since
there must be compliance with statutory requirements and then an order that effect." *Id*.
"Exemptions are an integral component of a debtor's fresh start and thus are liberally
construed. A 'fresh start', however, does not translate to a 'head start'. The basis for
exemption laws is that by providing a debtor to retain a minimum level of property, the
debtor and his or her family will not be completely destitute and thus a burden to society.
A fundamental component of an individual debtor's fresh start in bankruptcy is the debtors'
ability to set aside certain property as exempt from the claims of creditors." *Id*. **Finally,
the Honorable Bankruptcy Court has established that "exemption statutes are to be
interpreted in the most favorable way to the debtor".** *In re Padilla Ines*, 2014 Bankr.
Lexis 136 (Bankr. D.P.R. Jan. 13, 2014). (emphasis added). "Exemption statutes are open
to construction only where the language used therein requires interpretation or may be
reasonably considered as ambiguous. When an exemption statute is clear, open or liberal
interpretation is not available. Yet, when the statute employs general or ambiguous

language, liberal interpretative tools must be employed. It is in these cases where interpretation must be done in the most favorable light with regards to the debtor." *Id.*

22. The U.S. District Court for Puerto Rico recently issued an opinion, *Mendez Garcia v. Rushmore Loan Management,* in which it discussed the requirements under Puerto Rico Home Protection Act of 2011 to claim the homestead exemption under Puerto Rico law when the legal owner is not the registered owner.

23. Most importantly, it held that even when a debtor's title as a legal owner is not recorded in the Registry of the Property of Puerto Rico, such fact does not preclude that debtor from claiming the Puerto Rico Homestead Exemption. *Mendez Garcia v. Rushmore Loan Mgmt. Servs. as service agent of Roosevelt Cayman Asset Co.*, No. CV 17-2345 (ADC), 2018 WL 4677669 (D.P.R. Sept. 28, 2018). **Attached is the Judgment and Opinion and Order, as Exhibit V.**

24. "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors." *In re Nazario*, 533 B.R. at 4 (citations and internal quotation marks omitted). When construing state-law exemptions, a state's rules must be followed. *Id.* at 5. "In Puerto Rico, exemptions are construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker. Questions of applicability of a Puerto Rico exemption must be resolved in favor of the exemption." *In re López*, No. 12-09126 (ESL) (Bankr. D.P.R. 2013), 2013 WL 3490920 at *3 (not reported in B.R.) (citing *Laguna v. Quiñones,* 23 P.R. R. 358, 360–361, 23 D.P.R. 386, 389 (1916); *Marty Pérez v. Ramírez Cuerda,* 75 P.R.R. 808, 814, 75 D.P.R. 858, 864 (1954) ); *see Caron v. Farmington Nat'l Bank (In re Caron* ), 82 F.3d 7, 10 (1st. Cir. 1996) (federal courts are required to interpret exemption laws liberally in a debtor's

7

favor "to reflect their remedial purposes"). *Mendez Garcia v. Rushmore Loan Mgmt.*
*Servs. as service agent of Roosevelt Cayman Asset Co.*, No. CV 17-2345 (ADC), 2018 WL
4677669, at *5 (D.P.R. Sept. 28, 2018)

25. The issue at hand in the instant case falls under the Puerto Rico Home Protection Act.  PR
Laws Ann. tit. 31, § 1858-1858k. "It was amended in 2012 "to clarify that the intent of the
Puerto Rico Legislature is to provide the broadest protection to the homes or principal
residences of the residents of Puerto Rico and their families in bankruptcy proceedings." *In
re Hernández*, 487 B.R. 353, 356 (Bankr. D.P.R. 2013). A bankruptcy debtor who wishes
to properly claim the Puerto Rico Home Protection Act exemption must comply with the
requirements of said law as of the date of the filing of the bankruptcy petition. *Id. at* 365.
A review of the Puerto Rico Home Protection Act reveals a "less than artful construction"
that requires a careful analysis of that statute "as a harmonious whole, with its various parts
being interpreted within their broader statutory context in the manner that furthers statutory
purposes. *Id.* at 362, 367." *Mendez Garcia v. Rushmore Loan Mgmt. Servs. as service agent*
*of Roosevelt Cayman Asset Co.*, No. CV 17-2345 (ADC), 2018 WL 4677669, at *5 (D.P.R.
Sept. 28, 2018).

26. "Article 3 of the Puerto Rico Home Protection Act establishes the two essential
requirements for an individual's entitlement to the Puerto Rico homestead right: (1)
ownership of the property over which the homestead right is being claimed; and (2) that it
be occupied as the principal residence by the individual claimant or his/her family. 31 P.R.
Laws Ann. § 1858; *see In re Nazario*, 533 B.R. at 4; *In re Hernández*, 487 B.R. at
357; *Rivera García v. Registradora*, 189 P.R. Dec. 628, 636-637 (2013). The legislative
intent of bestowing importance and security to the homestead right is reflected in Article

8

4, which provides that "[t]he homestead right shall not be waived[,] and any agreement to the contrary shall be declared null." 31 P.R. Laws Ann. § 1858a. That article lists exceptions to the homestead protection, including "all cases in which the protected property is [a] pledge for a mortgage." *Id.* Article 5 establishes the extent of the legal protection under the homestead right, while Articles 6, 7 and 8 provide that under certain circumstances, homestead rights shall continue after death, abandonment or divorce, and in cases of leasing or sale of the property. *Id.* at §§ 1858b-1858e." *Id* at 5.

27. "Article 9 provides two ways in which property owners can assert their homestead right in certain cases: (i) by declaring it in the purchase deed upon acquisition of the property; or (ii) if the property has already been recorded with the Property Registry of Puerto Rico in the name of the homestead claimant, by "executing a declaration before a notary public stating that the parcel is covered by homestead protection." *Id.* at § 1858f. *Id* at 6.

28. Debtor did not declare the homestead protection through the purchase deed, however, she properly claimed her homestead protection through the Homestead Act she executed on November 25, 2019 before a notary public.

29. Also, "Article 9 further establishes that "[i]nsofar as [a] property has been declared a homestead, the Property Registrar shall be required to make a notation stating that the property was so declared by its owner. Such declarations or notations shall only constitute prima facie evidence of the homestead right of such property." *Id.* at § 1858f. Accordingly, the recordation mandate included in Article 9 is directed at the Property Registry of Puerto Rico regarding notarial acts declaring homestead rights that titular registrants may present in order to secure legal rights over real property before third parties. *Id.* at §§ 1858f, 1871-1872; *see Marín v. Montijo*, 109 P.R. Dec. 268, 272 (1979); 9 P.R. Offic. Trans. 351, 355-

356. As such, Article 9 does not entail a recordation requirement directed at homestead claimants upon which the validity of a homestead rights declaration depends." *Id* at 6.

30. "Article 10 establishes a criminal penalty for the unlawful recording of a homestead right, while Article 11 provides that "[t]he fact that a parcel has not been registered in the Property Registry of Puerto Rico, or that the declaration of homestead has not been filed with or entered in the Property Registry, shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in [Article 12]." 31 P.R. Laws Ann. §§ 1858g-1858h." *Id* at 6.

31. Finally, "Article 12 indicates the procedural requirements for a judicial claim of homestead rights when the claimant is faced with a foreclosure, garnishment, or other pre-judgment remedy against the homestead property. *Id.* at § 1858i. Additionally, Article 12 states that "[n]o rural or urban parcel shall be sold by virtue of judgment or foreclosure if it has been claimed to be or held as homestead, whether or not it has been registered as such in the Property Registry, unless any of the exemptions in [Article 4] applies." *Id*. Finally, Articles 13 and 14 provide that the filing of homestead declarations before the Property Registry of Puerto Rico is exempted from fees, and that the Office of Notarial Inspection shall inform the legal community of the homestead rights law. *Id.* at §§ 1858j-1858k." *Id* at 6.

32. Therefore, the Puerto Rico Home Protection Act, mentions various ways an individual may declare the homestead exemption.   However, in light of the above the Puerto Rico Home Protection Act fails to address which is the process when the debtor is the legal owner, not the registered owner, of a real property that is duly recorded in the registry of the property.

33. BPPR is alleging that debtor did not comply with the state law requirements set out in articles 11 and 12 of the Puerto Rico Home Protection Act of 2011.  BPPR alleges that

debtor did not (1) file a 'sworn motion including the description of the property being protected as entered in the Registry and a statement to the fact that she used the property as her principal residence pre-petition; (2) that she 'did not disclose in Schedule C whether or not her claimed homestead is registered at the Property Registry'; (3) that she did not 'attach to Schedule C the sworn statement required in Article 12 of the PR Home Protection Act'; (4) and that she did not 'explain why the real property is not registered under her name'. See docket no. 35.

34. In the instant case debtor is not the registered owner of the property but does have a valid legal title through a Purchase Deed, Deed number 141, executed on July 30, 2013, and her property does exist in the Registry of the Property.

35. As discussed above, the essential requirements for claiming homestead under Puerto Rico Law are the legal ownership of the property being claimed as homestead and that the property being claimed as homestead is the claimant's principal residence. Debtor became the legal owner of the property when she acquired it on July 30, 2013 through the Purchase Deed, Deed number 141. Also, debtor claimed her homestead and established that the property is her principal residence through the Homestead Declaration she executed on November 25, 2019.

36. Contrary to BPPR's allegation, Article 12 of the Puerto Rico Home Protection Act do not apply to the instant case, given that Article 12 refers to the procedural requirements for a judicial claim when the claimant is faced with a foreclosure, garnishment, or other pre-judgment remedies.

37. Article 11 further supports Debtor's position given it even clarifies that debtor may claim her homestead, independently of whether Debtor's claim to ownership is, or is not,

registered. In the instant case the property is created in the registry of the property and Debtor does have a valid ownership Deed.

38. Further, "the Puerto Rico Home Protection Act does not require that a homestead claimant's ownership title of a property be registered with the Property Registry of Puerto Rico in order for the claimant to declare a homestead right over that property. **On the contrary, the essential requirements are the legal ownership of the property being claimed as a homestead, and that the property claimed as a homestead be the claimant's principal residence or that of his/her family**. *Id.* at § 1858." Mendez Garcia v. Rushmore Loan Mgmt. Servs. as service agent of Roosevelt Cayman Asset Co., No. CV 17-2345 (ADC), 2018 WL 4677669, at *6 (D.P.R. Sept. 28, 2018) (emphasis added).

39. Therefore, pursuant to the District Court's Opinion in *Mendez Garcia v. Rushmore Loan Management*, the only two requirements for claiming homestead exemption are that the debtor is the legal owner and that the property being claimed is the debtor's principal residence or that of his/her family. Thus, BPPR's contention that debtor failed to comply with the requirements established in the Homestead Act is flawed whereas the debtor has complied with the two requirements set forth in the case of *Mendez Garcia v. Rushmore Loan Management*.

40. Considering the above, debtor's right to the homestead exemption is predicted on her legal ownership of the residential property and the same being her principal residence or that of her family. Debtor's ownership was established by the Purchase Deed pursuant to Puerto Rico's Civil Code Art. 1232(1). 31 L.P.R.A. Section 3453. To this date the Deed of Sale has not been recorded in the Registry of the Property of Puerto Rico, thus debtor is not the

registrant owner of the property, but she is in fact the legal owner.  Even more, prior to the

filing of the instant bankruptcy petition debtor claimed her homestead rights over her

property by means of a notarial act before a Notary Public.

41. Therefore, this Court should deny BPPR's Objection to Claim of Exemption, docket no.

35, given that due to the facts of the instant case and interpreted case law, debtor has

complied with the only two requirements set forth in the PR Home Protection Act to claim

her homestead. That is, she is the legal owner and claimed her homestead rights prior to

the filing of the instant case through a notarial act.

42. Also, we must clarify that the Trustee had favorably recommended the instant case, and

the same has been confirmed. See docket no. 33 and 36.

43. Lastly, as to creditor's false and unfounded claims of bad faith, debtor **did** inform Banco

Popular de Puerto Rico, through counsel, of her intention to claim the homestead

exemption and forwarded her analysis to Banco Popular's counsel, **well before their**

**Objection to Claim of Exemptions was filed. See Exhibit VI.**

   **III. CONCLUSION:**

44. The real property here involved belongs to debtor and such property right is founded on

debtor's Deed of Purchase. The debtor declared her right to her homestead exemption

through a Homestead Declaration before a notary public. Debtor declared her homestead

right, and acquired title of her property that serves as her residence, prior to the filing of

the instant petition. Thus, Debtor is entitled to her claim of exemptions. The fact that

debtor's Deed of Purchase is not currently recorded in the Registry of the Property does

not precludes the debtor from claiming her homestead exemption. Thus, docket number 35

should be denied, and the case should remain confirmed.

**WHEREFORE** debtor very respectfully requests from this Honorable Court to deny BPPR's Objection to Claimed Exemptions, docket no. 35, given debtor's right to the homestead exemption is predicated on her legal ownership of the residential property and the same being her principal residence or that of her family.  Debtor's ownership was established by the Purchase Deed, Deed number 141 executed on July 30, 2019, and prior to the filing of the instant case debtor claimed her homestead rights over her property by means of Homestead Declaration executed on November 25, 2019 before a notary public. Debtor also very respectfully requests from this Honorable Court that the case remains confirmed and docket no. 42 be denied.

**RESPECTUFULLY SUBMITTED.**

In Carolina, Puerto Rico on this June 10, 2020.

**I HEREBY CERTIFY** that on this same date I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record, and to Creditor's counsel, Edna M. Tejeda Oyola, P.O. Box 195553, San Juan, P.R. 00919-5553, and email etejeda@splawpr.com.

MORENO LAW OFFICE, LLC
/s/ROSANA MORENO RODRIGUEZ
ATTORNEY FOR DEBTOR
USDC #221903
P.O. BOX 679
TRUJILLO ALTO, PR  00977
PHONE: (787) 750-8160
FAX: (787) 750-8243
EMAIL: rmoreno@morenolawpr.com

14

---En la misma fecha de su otorgamiento expedí primera copia certificada a favor de Wanda Ivette Santiago Salicrup. Doy Fe.-------------------------

Notario Público



---NUMERO:  CIENTO CUARENTA Y UNO (141)-------------

------------ESCRITURA DE COMPRAVENTA-------------

---En la Ciudad de San Juan, Estado Libre Asociado de Puerto Rico, a los treinta (30) días del mes de julio de dos mil trece (2013).---------------------

---------------------ANTE MI-------------------

---FRANCISCO ARRIVI SILVA, Abogado y Notario Público, con residencia y vecindad en Trujillo Alto, Puerto Rico y oficina abierta en San Juan, Puerto Rico.-------------------------------------

---------------------COMPARECEN------------------

---DE LA PRIMERA PARTE: JAIME LUIS PEREZ NAZARIO, mayor de edad, soltero, propietario y vecino de San Juan, Puerto Rico (en adelante la parte "Vendedora").-------------------------------------

---DE LA SEGUNDA PARTE: WANDA IVETTE SANTIAGO SALICRUP, mayor de edad, soltera, propietaria y vecina de San Juan, Puerto Rico (en adelante la parte "Compradora").-----------------------------

---DOY FE de haber identificado a todos los comparecientes mediante los medios supletorios provistos por el Artículo 17(c) de la Ley Notarial de Puerto Rico, especificamente sus licencias de conducir expedidas por el Estado Libre Asociado de Puerto Rico, y por sus dichos y mi creencia, de su edad, estado, profesión y vecindad.  Me aseguran tener, y a mi juicio tienen, la capacidad legal necesaria para este otorgamiento, y en tal virtud, libre y voluntariamente.-------------------------

---------------------EXPONEN-------------------

---PRIMERO: La Propiedad. Que los comparecientes de la parte Vendedora son dueños, en pleno

*(página 1 de 8)*

dominio, de la propiedad inmueble que se describe a continuación (en adelante la "Propiedad"):------

--- **URBANA:** Solar con el dieciocho (18), del bloque "F" cinco (F-5), del plano de inscripción de la Urbanización San Gerardo, radicada en el Barrio Cupey de Río Piedras del término municipal de San Juan, con un área de trescientos treinta y siete punto cincuenta (337.50) metros cuadrados. En lindes; por el **NORTE**, en trece punto cincuenta (13.50) metros, con la calle cinco (5); por el **SUR**, en trece punto cincuenta (13.50) metros, con el solar siete (7); por el **ESTE**, en veinticinco (25.00) metros, con el solar diecinueve (19); y por el **OESTE**, en veinticinco (25.00) metros, con el solar diecisiete (17), todos del mismo plano de inscripción de la referida urbanización. Enclava casa concreta dedicada a vivienda.--------------------

---La Propiedad consta inscrita al folio 81 del tomo 162 de Río Piedras Sur. Registro de la Propiedad de San Juan, Cuarta Sección. Finca 5,526.---------------------------------------------

---El número de catastro de la Propiedad es "79-087-071-363-18-001"-----------------------------

---SEGUNDO: <u>Título</u>. El compareciente de la parte Vendedora adquirió la Propiedad mediante compra según consta de la escritura cuarenta y siete (47) otorgada en San Juan el diecinueve (19) de julio de dos mil cinco (2005) ante el notario Jean Menay Vega.----------------------------------------------

---TERCERO: <u>Cargas y Gravámenes</u>. -----------------

--- Por su procedencia está afecta a servidumbre a favor de la Autoridad de Fuentes Fluviales y condiciones restrictivas.-------------------------

-----Por si, la Propiedad se encuentra afecta a una **HIPOTECA** en garantía de un pagaré a favor de **POPULAR MORTGAGE, INC.**,o a su orden por ciento setenta y ocho mil dólares ($178,000.00) con intereses al cinco punto dos cinco porciento (5.25%) anual y vencedero el 1 de agosto de 2025, según consta de la escritura #284, otorgada en San Juan el 19 de julio de 2005 ante la notario Elba I. Cruz Rodríguez-----------------------------------

*(página 2 de 8)*

----La parte Compradora tiene conocimiento de la existencia del(los) Pagaré(s) y de la(s) hipoteca(s) que grava(n) la Propiedad, relacionados en el párrafo anterior, y que el(los) balance(s) de esta(s) deuda(s) hipotecaria(s) será(n) pagado(s) completamente con el producto de esta venta y el(los) Pagaré(s) y la(s) hipoteca(s) serán canceladas en el Registro de la Propiedad posterior a este acto.---------------------------

---CUARTO: Compraventa. La Vendedora y la Compradora tienen convenida la compraventa de la Propiedad y por este acto la Vendedora y la Compradora llevan a efecto la convenida compraventa bajo los siguientes:------------------

----------------TÉRMINOS Y CONDICIONES------------

-----(a) La Vendedora por la presente VENDE, CEDE y TRASPASA a la Compradora y la Compradora compra la Propiedad en las condiciones en que se encuentra actualmente ("as is"), con todos sus usos, anexos, derechos y accesiones y, con todo cuanto contiene y le es inherente.----------------

-----(b) Se efectúa la venta de la Propiedad por el convenido y estipulado precio de CIENTO SESENTA Y DOS MIL DOLARES ($162,000.00), cantidad que excepto por la suma retenida para la cancelación de la(s) hipoteca(s) bajo el inciso (ii) del párrafo TERCERO que grava(n) la Propiedad, y de cualquier gasto asociado con esta venta, la parte Vendedora manifiesta haber recibido en este acto a su entera satisfacción, en moneda legal y corriente de los Estados Unidos de América, de la parte Compradora, por lo que la parte Vendedora le entrega a la parte Compradora la más formal y

eficaz carta de pago. Manifiesta la parte Vendedora que debido a la situación económica por la que atraviesa el mercado de bienes inmuebles actualmente, el mejor precio de venta que pudo obtener fue el aquí estipulado. Expresa, además, que bajo ningún concepto debe considerarse esta transacción como una donación--------------------

-----El notario autorizante advierte a las partes comparecientes y en específico a la parte Compradora, que del precio de compraventa se está(n) pagando el(los) balance(s) de cancelación de la(s) hipoteca(s) antes relacionada(s) en esta escritura, mediante cheque(s) mostrado(s) a las partes comparecientes, el(los) cual(es) ha(n) de ser remitido(s) al(los) acreedor(es) hipotecario(s), con el propósito de que sea(n) cancelada(s) la(s) hipoteca(s) que grava(n) la Propiedad, lo cual no constituye una garantía absoluta de que ello así será hecho. La Compradora tiene el derecho de exigir que la(s) referida(s) hipoteca(s) sea(n) cancelada(s) en el mismo acto del financiamiento de esta compraventa, pero se le advierte que en la mayoría de las ocasiones el(los) pagaré(s) hipotecario(s) no estará(n) disponible(s) para que sea(n) cancelado(s). La Compradora, por la presente renuncia voluntariamente a dicho derecho, estando consciente de los riesgos y consecuencias que conlleva el que no se cancele(n) dicha(s) hipoteca(s) no obstante las advertencias hechas por el Notario autorizante en este caso. ---------

----(c) La Compradora entra en pleno dominio de la Propiedad sin mas formalidad que el otorgamiento



*(página 4 de 8)*

de esta escritura. La Vendedora se obliga con la Compradora al saneamiento en caso de evicción conforme a las disposiciones del Código Civil de Puerto Rico.------------------------------------

-----(d) Los sellos de rentas internas a ser cancelados en el original de esta escritura así como el arancel notarial serán por cuenta de la Vendedora, y los sellos de rentas internas a ser cancelados en la copia certificada de esta escritura y los comprobantes para su inscripción en el Registro, serán por cuenta de la Compradora.

-----(e) Las contribuciones sobre la Propiedad correspondientes al período hasta la fecha de este otorgamiento, serán por cuenta de la Vendedora, las que correspondan al período a partir de la fecha de este otorgamiento serán por cuenta de la Compradora. El Notario autorizante advierte a las partes, en específico a la parte Compradora, la conveniencia de obtener una certificación negativa de deuda sobre cualquier deuda contributiva que pueda existir en el Centro de Recaudación de Impuestos Municipales.----------------------------

------(f) La Vendedora y la Compradora, ante el requerimiento de cualquiera de ellos, se comprometen al otorgamiento de cualquier otro instrumento, público o privado, que sea necesario para la consecución de la compraventa aquí efectuada y su inscripción en el Registro.---------

------(g) El Notario autorizante advierte a las partes que el Estudio de Título utilizado para preparar esta escritura fue preparado por un tercero independiente y no por el notario suscribiente;------------------------------------

-----(h) La Vendedora y la Compradora expresamente aceptan que el Notario autorizante le has preguntado sobre la veracidad de los hechos que han dado base a la redacción de esta escritura y que han certificado que la información es correcta y que corresponde a la voluntad expresa de las partes.-------------------------------------------

-----(i) El Notario autorizante advierte a las partes que de estar en zona inundable el inmueble objeto de esta transacción el titular presente y futuro queda obligada a observar los requerimientos del Reglamento sobre Zonas Susceptibles de Inundación a tenor con la ley once (11) del ocho (8) de marzo de mil novecientos ochenta y ocho (1988) por lo cual los aquí comparecientes se obligan a su cumplimiento de ser aplicable al presente caso.----------------------

----(j) El notario autorizante, en cumplimiento con las disposiciones de la Ley Número Ciento Noventa y Cinco, "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar" del trece (13) de septiembre de dos mil once (2011), advierte a la parte Compradora su deber de manifestar expresamente su decisión de establecer y fijar su hogar seguro en la propiedad inmueble descrita en el apartado PRIMERO de esta escritura y que no ha designado como tal ninguna otra propiedad en o fuera de Puerto Rico. Se le advierte a la parte Compradora que incurrirá en delito grave de cuarto grado, toda persona que intente o logre inscribir en el Registro de la Propiedad la protección de hogar seguro en más de



una finca de su propiedad o intente o logre inscribir a favor de otra persona la protección de hogar seguro, a la que éste no tuviere derecho y en los casos donde la persona se encuentre culpable de tal delito, ésta no tendrá derecho a hogar seguro sobre ninguna de las propiedades objeto de su actuación ilegal. La parte Compradora expresamente ratifica dicha decisión y solicita del Honorable Registrador de la Propiedad tome razón de la misma en el cuerpo de la inscripción. ------------------------------------

---Yo, el Notario, les advertí a las partes comparecientes que desde la fecha de preparación del referido estudio de título hasta la fecha en que se presente para su inscripción la primera copia certificada de esta escritura en el Registro de la Propiedad correspondiente, existe la posibilidad que se presenten o hayan sido presentados para su inscripción otros documentos que pudieran afectar el título o crear algún gravamen sobre la Propiedad. Las partes reconocen esa posibilidad y acuerdan al otorgamiento de esta escritura.-----------------------------------------

-----------ACEPTACIÓN Y OTORGAMIENTO-------------

---Los comparecientes en el carácter y representación que ostentan, aceptan la presente escritura en todas sus partes, tal y cual ha sido redactada, por ser conforme a lo convenido y pactado.-----------------------------------------

---Hechas por mí, el Notario, las advertencias legales pertinentes, incluyendo el derecho de requerir la presencia de testigos, al cual renunciaron, y habiendo sido leída la escritura



(página 7 de 8)

por los otorgantes en la misma se ratifican y firman ante mi, estampando sus iniciales al margen de todos y cada uno de los folios de este instrumento público, de todo lo cual, YO, el Notario Autorizante, DOY FE. --------------------

Wanda F. Santiago Salcery

Jaime Pérez Nazario





**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**DEPARTAMENTO DE JUSTICIA**
**REGISTRO INMOBILIARIO DIGITAL DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO**

San Juan: Sección IV
Namyr I Hernandez Sanchez
Registrador de la Propiedad
nhernandez@justicia.pr.gov

---

### CERTIFICACIÓN DE PROPIEDAD INMUEBLE
### TURNO DE CERTIFICACIÓN: 2019-030253-CERT

A solicitud de ROSANA MORENO RODRIGUEZ se expide la presente sobre las constancias del Registro Inmobiliario Digital de Puerto Rico, y yo Namyr I Hernandez Sanchez, Registrador **CERTIFICO** la siguiente información de la finca que se relaciona:

**Finca número: 5526**

**Demarcación: Rio Piedras Sur**

---

#### Descripción de la Finca

Número de Catastro: ---. Urbana: URBANIZACIÓN  SAN GERARDO de Rio Piedras Sur. Solar: 18 BLOQUE 5-F. Cabida: 337.50 Metros Cuadrados. Colinda por el NORTE, en 13.50 metros, con la Calle 5; por el SUR, en 13.50 metros, con solar número 7; por el ESTE, en 25.00 metros, con solar número 19; y por el OESTE, en 25.00 metros, con solar número 17, todos del mismo plano de inscripción de la referida urbanización.
Enclava una casa de concreto reforzado para dedicarla a vivienda.
Es traslado de la finca 22185 inscrita al folio 83 del tomo 765 de Rio Piedras Norte.

#### Titulares

INSCRITA a favor de JAIME LUIS PEREZ NAZARIO, mayor de edad, soltero, titular del dominio de esta finca, por Compraventa por el precio de $210,000.00, en virtud de la escritura número 47 del 19 de julio de 2005, otorgada en Guaynabo, ante el Notario Jean Marcel Menay Vega, según la inscripción 13ª, al FOLIO 93 del TOMO 712 de RIO PIEDRAS SUR.

#### Cargas y Gravámenes

**Condiciones Restrictivas**: Afecta por su procedencia a condiciones restrictivas a favor de Amporico Construction Company Inc.

**Servidumbre**: Afecta por su procedencia a servidumbre a favor de la Autoridad de las Fuentes Fluviales de Puerto Rico.

**Hipoteca**: HIPOTECA a favor de DORAL MORTGAGE CORPORATION, por la suma principal de $74,450.00. INTERESES: 8.50% anual. VENCIMIENTO: 1RO DE MARZO DE 2019. TASACIÓN: $74,450.00. CRÉDITOS GARANTIZADOS: Garantizándose los siguientes créditos adicionales: Tres sumas equivalentes al 10% de la cuantía original del pagaré, cada una, para costas, gastos y honorarios de abogado; para intereses, en adición a los garantizados por la ley; y para cubrir cualquier anticipo que pueda hacerse bajo este contrato. En virtud de la escritura número 33 del 27 de febrero de 1989, otorgada en San Juan, ante el Notario Armando E. González Maldonado, según la Inscripción 9ª, al FOLIO 81 del TOMO 162 de RIO PIEDRAS SUR.

#### Documentos Pendientes de Despacho

| Asiento | Transacciones | Documento |
|---|---|---|
| 2019-125262-SJ04 | Designación de Hogar Seguro por Inscripción | Comparece WANDA IVETTE SANTIAGO SALICRUP a Designar la finca de este numero su Hogar Seguro, tipo Escritura Pública número NUMERO 6 otorgada en Carolina a 25 de noviembre de 2019 ante la Notario ROSANA MORENO RODRIGUEZ. PENDIENTE DE NOTIFICACIÓN: La finca consta inscrita a favor de JAIME LUIS PEREZ NAZARIO, persona distinta a quien solicita la anotación. Deberá presentar en Asiento aparte, previo el pago de derechos la escritura que le da tracto a esta. |

Libros Auxiliares

No existen asientos relacionados a esta finca en los Registros de Embargos a favor del Estado Libre Asociado de Puerto Rico, Gravámenes por Contribuciones a favor de los Estados Unidos de América y Sentencias.

Observaciones: N/A

Despachado: el 18 de diciembre de 2019, 11:58AM.

Expedido la presente, hoy 18 de diciembre de 2019, 6:14PM.
Derechos: $15.00, Número de comprobante:  80533-2019-1217-57382006

**Firmado electrónicamente por el registrador  Namyr I Hernandez Sanchez el 18 de diciembre de 2019, 6:14PM**

**Codigo de Validación:** 7597cef3-3f83-48e4-a663-a4264fa95ab9



# RECIBO DE PRESENTACIÓN

| **Namyr I Hernandez Sanchez**<br>Registrador<br>Teléfono: 787-764-1861 | **Departamento de Justicia**<br>**Registro de la Propiedad**<br>**San Juan: Sección IV** |
|---|---|
| **Modo de Presentación:** Telemática | **Fecha y Hora de Presentación:** 26 de noviembre de 2019, 10:02AM |

| **Asiento** | **Sección** |
|---|---|
| **2019-125262-SJ04** | **San Juan: Sección IV** |

| **Documento Presentado:** | **Datos del Presentante:** |
|---|---|
| Naturaleza: Notarial | Nombre: ROSANA MORENO RODRIGUEZ |
| Tipo de Documento: Escritura Pública | Teléfono: 787-750-8160 |
| Número de Escritura: NUMERO 6 | Correo Electrónico: rmoreno@morenosolterolaw.com |
| Fecha: 25 de noviembre de 2019 | Dirección: |
| Lugar de Otorgamiento: Carolina | PO BOX 679  TRUJILLO ALTO  PUERTO RICO 00977 |
| Notario: ROSANA MORENO RODRIGUEZ | Observaciones: |
| Correo Electrónico: rmoreno@morenosolterolaw.com | --- |
| Email , | |

## TRANSACCIONES

| Transacción | Valor | A Favor De | Datos de Finca |
|---|---|---|---|
| Designación de Hogar Seguro por Inscripción | $0.00 | WANDA IVETTE SANTIAGO SALICRUP | Finca: 5526, Demarcación: Rio Piedras Sur, Número Catastro: , Localización: SAN GERARDO, Solar: F-5- |

## ARANCELES

Exento: NO

| Concepto | No. Serie | Fecha | Cantidad |
|---|---|---|---|
| Comprobante de Presentación | 80533-2019-1126-50399021 | 11/26/2019 | $15.00 |
| Código Político | | 11/26/2019 | $0.50 |
| Cargo Telemático | | 11/26/2019 | $10.00 |

## DOCUMENTOS COMPLEMENTARIOS

| Tipo de Documento | Descripción |
|---|---|
| Escritura Pública | ACTA HOGAR SEGURO |

## PLANOS

| Numero de Caso | Numero de Plano |
|---|---|



DEPARTAMENTO de JUSTICIA
ESTADO LIBRE ASOCIADO DE PUERTO RICO

**CERTIFICACIÓN DEL NOTARIO QUE PRESENTA DOCUMENTO EN EL REGISTRO DE LA PROPIEDAD INMOBILIARIA DE PUERTO RICO POR LA VÍA TELEMÁTICA**

Certifico: Que la copia certificada de la escritura/documento _Escritura #6_ _Acta Hoger Seguro_ (número/tipo de documento) autorizada por _Susana Moreno Rodriguez_ (nombre del notario/funcionario) en _25 de noviembre 2019_ (fecha), y que en formato PDF estoy presentando al Registro de la Propiedad, es una copia fiel y exacta de la copia certificada de dicha escritura/documento.

En _Carolina, PR_ a _____ (lugar y fecha),
_26 de noviembre 2019_

(firmado, signado, sellado y rubricado por el notario).

-------------------------ESCRITURA NÚMERO SEIS (6)-------------------------

-------------------------------------ACTA NOTARIAL--------------------------------------

--------------------PARA ESTABLECER EL DERECHO A--------------------
------------HOGAR SEGURO SOBRE EL HOGAR PRINCIPAL-------
----------------------------------Y EL HOGAR FAMILIAR-------------------------------

--- En la Ciudad de Carolina, del Estado Libre Asociado de Puerto

Rico, a los veinticinco (25) días de noviembre de dos mil diecinueve

(2019).-----------------------------------------------------------------------------------------

------------------------------------------ ANTE MI -----------------------------------------

---ROSANA MORENO RODRIGUEZ, Abogada y Notario en y para

el Estado Libre Asociado de Puerto Rico, con residencia en la

Municipalidad de San Juan, Puerto Rico y estudio abierto en

Carolina, Puerto Rico. ----------------------------------------------------------------------

-------------------------------------COMPARECE----------------------------------------

---DE  UNA  SOLA  PARTE: WANDA  IVETTE  SANTIAGO

SALICRUP, a quien he identificado mediante pasaporte emitido por

en Estados Unidos de América, número cuatro, seis, seis, cuatro,

seis, cero, ocho, seis, ocho (466460868) mayor de edad, soltera,

secretaria, y residente de San Juan, Puerto Rico, en adelante

denominada la "Compareciente".  La Compareciente me asegura

tener, y a mi juicio, tiene la capacidad legal necesaria para este

otorgamiento y estando en pleno uso de sus facultades mentales y

físicas libremente:-----------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------



I

------------------------------MANIFIESTA Y EXPONE------------------------

------**PRIMERO:** La Compareciente es la única titular de la finca propiedad inmueble que se describe a continuación: --------------------

-----**URBANA:** Solar con dieciocho (18), del bloque "F" cinco (F-5), del plano de inscripción de la Urbanización San Gerardo, radicada en el Barrio Cupey de Río Piedras del término municipal de San Juan, con un área de trescientos treinta y siete puntos cincuenta (337.50) metros cuadrados. En lindes; por el **NORTE**, en trece punto cincuenta (13.50) metros, con la calle cinco (5); por el **SUR,** en trece punto cincuenta (13.50) metros, con el solar siete (7); por el **ESTE,** en veinticinco (25.00)metros, con el solar diecinueve (19); y por el **OESTE**, en veinticinco (25.00) metros, con el solar diecisiete (17), todos del mismo plano de inscripción de la referida urbanización.. Enclava casa concreta dedicada a vivienda. -

---Dicha propiedad consta inscrita al folio ochenta y uno (81) del tomo ciento sesenta y dos (162) de Río Piedras Sur. Finca número cinco mil quinientos veinte seis (5,526). Registro de la Propiedad de San Juan, Cuarta Sección. --------------------------------------------

---Dicha propiedad fue adquirida por compra a Jaime Luis Pérez Nazario, por la suma de ciento sesenta y dos mil ($162,000.00), según la escritura número ciento cuarenta y uno (141), otorgada en San Juan, el treinta (30) de julio del dos mil trece (2013), ante el notario Francisco Arrivi Silva.-------------------------------------------

---**SEGUNDO:** En virtud de las disposiciones de la Ley Número 195 de 13 de septiembre de 2011, *Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar,* la Compareciente manifiesta expresamente su decisión de establecer y fijar su Hogar Seguro, y su residencia, en la referida propiedad inmueble descrita en la presente Acta y hacen constar que no han designado como tal a ninguna otra propiedad en o fuera de Puerto Rico.-----------------------

---**TERCERO:** Por lo que solicita del Registrador de la Propiedad que consigne tal carácter mediante Nota Marginal de la inscripción de la referida propiedad inmueble descrita en esta acta.---------------

----------------------------------**ADVERTENCIAS** ----------------------

---La Notario Autorizante advierte a la Compareciente que la propiedad antes descrita será únicamente de uso residencial, y





2

como su residencia, y que no debe haber designado como hogar seguro ninguna otra propiedad en o fuera de Puerto Rico.--------------

---La Notario Autorizante advierte a la Compareciente que toda persona que logre o intente inscribir ilegalmente en el Registro de la Propiedad el derecho a hogar seguro en más de una propiedad inmueble de su propiedad, en una propiedad que no sea su residencia, o que intente o logre la inscripción ilegal del derecho de hogar seguro a favor de otra persona, incurrirá en delito de cuarto grado. Así también, de ser encontrada culpable no tendrá derecho a un hogar seguro sobre ninguna de las propiedades objeto de su actuación ilegal. Si el Delito se comete luego del uno (1) de septiembre del dos mil doce (2012), aplicarán las disposiciones del Código Penal de dos mil doce (2012). En dicho caso, el delito conllevará una pena de reclusión por un término fijo de tres años.---

--- El derecho de hogar seguro es irrenunciable y cualquier pacto en contrario se declarará nulo. No obstante, el derecho a hogar seguro se entenderá renunciado en las siguientes circunstancias: ------------

-----**a)** En todos los casos donde se obtenga una hipoteca que grave la propiedad protegida. -------------------------------------------------

-----**b)** En los casos de cobro de contribuciones estatales y federales.

-----**c)** En los casos donde se le deban pagos a contratistas para reparaciones de la propiedad protegida.------------------------------------

-----**d)** En los casos donde aplique el Código de Quiebras Federal, en cuyo caso aplicarán las disposiciones de dicho Código.----------------

-----**e)**En todos los casos de préstamos, hipotecas, contratos refaccionarios y pagarés constituidos a favor de los asegurados u otorgados por la Puerto Rico Production Credit Association, Small Business Administration, la Autoridad para el Financiamiento de la Vivienda de Puerto Rico, la Administración Federal de Hogares de Agricultores, la Federal Home Administration, la Administración de Veteranos de los Estados Unidos de América y el Departamento de Desarrollo Económico y Comercio de Puerto Rico, y las entidades



sucesoras de las antes mencionadas, así como a favor de cualquier otra agencia o entidad estatal o federal que garantice préstamos hipotecarios que se aseguran y se venden en el mercado secundario.----------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

-------------------------ACEPTACIÓN, LECTURA Y----------------------------

--------------------------------OTORGAMIENTO---------------------------------

---Así lo dice y otorga ante Mí la Compareciente, sin que en el otorgamiento de este instrumento intervengan testigos por haber el Compareciente renunciado a tal derecho, del que le advertí.---------

---Hechas por la Notario las advertencias legales pertinentes y leída esta escritura por la Compareciente la acepta y la firma ante Mí, poniendo sus iniciales en cada folio de este documento y Yo, la Notario, la firmo, signo, rubrico y sello y de todo lo consignado en este instrumento.-------------------------------------------------------------

-----------------------------------DOY FE.-----------------------------------







4

Case 3:17-cv-02345-ADC Document 13 Filed 09/28/18 Page 1 of 1

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

CRUZ M. MENDEZ-GARCIA
    Appellant-Debtor

    v.

RUSHMORE LOAN MANAGEMENT
SERVICES as service agent of Roosevelt
Cayman Asset Company
    Appellee-Creditor

Civil No. 17-2345 (ADC)

## JUDGMENT

The Court, through the Honorable Aida M. Delgado-Colón, U.S. District Judge, issued an Opinion and Order on September 27, 2018.

Therefore, pursuant to the Court's Opinion and Order, Judgment is hereby entered accordingly.

The case is REMANDED to the Bankruptcy Court for proceedings consistent with this ruling.

**IT IS SO ORDERED AND ADJUDGED**.

In San Juan, Puerto Rico, on this 28th day of September, 2018.

    FRANCES RIOS DE MORAN
    Clerk of the Court

    By: S/Sarah V. Ramón
        Sarah V. Ramón, Deputy Clerk

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CRUZ M. MENDEZ GARCIA,**

    **Appellant-Debtor,**

    **vs.**

**RUSHMORE LOAN MANAGEMENT
SERVICES as service agent of Roosevelt
Cayman Asset Company,**

    **Appellee-Creditor.**

**Civil No. 17-2345 (ADC)**

## <u>OPINION AND ORDER</u>

Before the Court is a notice of appeal and statement of election of the U.S. District Court of Puerto Rico ("the Court") by Cruz M. Méndez-García ("appellant-debtor"), a bankruptcy petitioner under Chapter 13 of the Bankruptcy Code, Case No. 15-10374 (BKT), **ECF No. 1**. Appellant-debtor requests this Court to review and reverse an Opinion and Order by the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") denying appellant-debtor-debtor's motion for reconsideration of the Order granting Rushmore Loan Management Services as service agent of Roosevelt Cayman Asset Company's ("appellee-creditor") objection to appellant-debtor's claim of exemption under the Puerto Rico Home Protection Act of 2011, as amended, PR Laws Ann. tit. 31, § 1858-1858k ("Puerto Rico Home Protection Act"). **ECF No. 1-2**. Appellant-debtor and appellee-creditor opportunely filed their corresponding briefs before this Court. **ECF Nos. 6, 7, 10**. After thoroughly considering the parties' briefs and the record on

Case 3:17-cv-02345-ADC Document 12 Filed 09/23/19 Page 2 of 17

appeal, the Court **REVERSES** the Bankruptcy Court's Opinion and Order in question, **ECF No. 1-2**, for the reasons discussed below.

## I.    Factual and procedural background

On April 5, 2004, appellant-debtor acquired a residential property located in Canóvanas, Puerto Rico (the "residential property"), through a deed of sale executed before a Notary Public (the "purchase deed"). **ECF No. 6-1** at 17. On November 23, 2004, the purchase deed was presented to the corresponding section of the Property Registry of Puerto Rico for recordation. *Id*. However, the Notary Public did not perform corrections in the purchase deed that were required by said agency for its recordation. *Id*. at 46.[1] Appellant-debtor subsequently withdrew the purchase deed, and it has remained unrecorded with the Property Registry of Puerto Rico. *Id.* at 1-2, 17.

On July 15, 2005, appellant-debtor executed a mortgage deed before a Notary Public as guarantee in favor of mortgagee Sana Investment Mortgage Bankers, Inc. *Id.* at 17. Appellee-creditor is "the current holder of Sana's interests in said [m]ortgage [d]eed." *Id*. The mortgage deed was presented to the corresponding section of the Property Registry of Puerto Rico for recordation on August 2, 2005, and it was recorded pursuant to Act No. 216 of December 27, 2010, P.R. Laws Ann. tit. 30, § 1821 ("Act No. 216"). *Id*. The statute provides that "all documents presented as of April 30, 2010, with enumerated exceptions, are deemed re[corded] as a matter

---

[1]  The record indicates that the executing Notary Public, attorney Frank Rodríguez-Calderón, "no longer practices law; he has been disbarred." **ECF No. 6-1** at 48-49.

Case:19-06953-ESL13 Doc#:54 Filed:06/10/20 Entered:06/10/20 11:45:06 Desc: Main
Case 3:17-cv-02945-ADC Document 12 Filed 09/28/20 Page 36 of 17
Document Page 34 of 53

Civil No. 17-2345 (ADC)                                                          Page 3

of law." *ACM Penfield LLC, v. Jolley-Talley*, 13-cv-1729 (SEC), 2016 WL 715761 at *1 (D.P.R. 2013) (not reported in F. Supp.3d). Act No. 216 "creates, in essence, a rebuttable presumption of valid recordation." *In Re Ramos*, 493 B.R. 355, 368 (Bankr. D.P.R. 2013).

On December 11, 2015, the appellant-debtor executed before a Notary Public a sworn statement and a notarial act declaring the Puerto Rico homestead exemption as to the residential property. **ECF No. 4-2** at 37, 44-47. Appellant-debtor submitted the notarial act before the Property Registry of Puerto Rico for recordation. *Id*. As fully discussed below, under the Puerto Rico Home Protection Act, "the homesteader's principal residence is protected from creditors' enforcement of civil judgments against his home. However, this protection does not extend to claims from mortgagees, state and federal tax authorities, eligible contractors, or other state and federal entities specified therein." *In re Nazario*, 533 B.R. 1, 4 (Bankr. D.P.R. 2015); PR Laws Ann. tit. 31, § 1858-1858k.

On December 30, 2015, appellant-debtor filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. **ECF No. 1-3** at 2.[2] As part of the bankruptcy filings, appellant-debtor presented an exemptions schedule (amended Schedule C) on February 18, 2016, which included the homestead exemption as to the residential property pursuant to the Puerto Rico Home Protection Act. **ECF Nos. 1-3** at 6; **6-1** at 48.

---

[2] The record reveals that appellant-debtor had filed two previous bankruptcy petitions under Chapter 13 that the Bankruptcy Court dismissed for failure to make payments to the Chapter 13 Trustee. **ECF No. 6-1** at 47-48.

On April 8, 2016, appellee-creditor filed a claim as a secured creditor in the bankruptcy proceedings regarding the mortgage executed over appellant-debtor's residential property. **ECF No. 6-1** at 48. On May 10, 2016, appellant-debtor filed an adversary case in the bankruptcy proceedings challenging the secured nature of appellee-creditor's claim regarding the mortgage debt in question. *Id*. On March 9, 2017, the Bankruptcy Court issued an Opinion and Order holding that even though the mortgage deed had been recorded at the Property of Registry of Puerto Rico pursuant to Act No. 216, the purchase deed had not been recorded due to the uncorrected defects mentioned above, for which appellant-debtor had not been registered as the owner of the residential property. *Id*. at 16-24. Thus, the Bankruptcy Court concluded that since "there [was] a missing link in the successive chain of title, the mortgage deed [ecumbering that property] is . . . invalid, thus making the lien void, and turning the obligation into an unsecured personal one." *Id*. at 21 (citing *Roig Commercial Bank v. Dueño*, 617 F. Supp. 913, 915 (D.P.R. 1985)).

On March 24, 2017, appellee-creditor filed before the Bankruptcy Court an Objection to Claimed Exemption. *Id*. at 1-12. In essence, appellee-creditor argued that "since [appellant-]debtor is not the registered owner as per the Registry of the Property, she should not be able to claim the state law exemptions," particularly the homestead exemption over appellant-debtor's residential property under the Puerto Rico Home Protection Act. *Id*. at 2-3. Appellee-creditor also averred that its objection was timely filed pursuant to Federal Rule of Bankruptcy Procedure 4003(b) ("Rule 4003(b)") as interpreted in *Schwab v. Reilly*, 560 U.S. 770 (2010).

The Bankruptcy Court granted as unopposed appellee-creditor's objection to appellant-debtor's claimed exemption under the Puerto Rico Home Protection Act, and appellant-debtor filed a motion for reconsideration. **ECF No. 4-1** at 29-49. Appellant-debtor contended that appellee-creditor's objection to the declaration of homestead exemption was tardy. *Id*. at 31-34. Specifically, "[appellee-creditor] had the time prescribed by [Rule 4003(b)[3]) to object to [appellant-]debtor's claimed exemption. Instead, [appellee-]creditor waited until the outcome of the adversary proceeding to object when the basis for the objection is the lack of chain in titleholders, present since the beginning of the case." *Id*. at 37. Conversely, appellee-creditor contends that pursuant to *Schwab*, 560 U.S. at 770, the term provided under the aforementioned bankruptcy procedural rule to object to a debtor's exemption did not apply to appellant-debtor's claimed exemption under the Puerto Rico Home Protection Act. **ECF No. 10** at 8-9. Under *Schwab*, 560 U.S. at 770, "the time limits for objection to homestead exemption do not apply if the claimed exemption is valid on its face." *In re Massey*, 465 B.R. 720, 726 (1st Cir. BAP 2012).

Moreover, appellant-debtor argued in her motion to reconsider that her claim for homestead exemption is valid insofar as the purchase deed established her as the legal owner of the residential property, even though appellant-debtor's title as owner had not been registered with the Property Registry of Puerto Rico. **ECF No. 4-1** at 34-38. Specifically, she asserted that

> [t]he Puerto Rico Home Protection Act does not require successive chain of
> ownership for [appellant-debtor] to be able to claim the [homestead] exemption. It

---

[3]  Generally, under Federal Rule of Bankruptcy Procedure 4003(b)(1), "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."

only requires for [appellant-debtor] to be the owner and . . . to use the property as its main residence. Thus, [appellee-creditor] is incorrect in trying to apply the lack of successive chain of ownership doctrine because Article 17[4] is strictly directed to instances where dominion or other real rights are being declared, conveyed, encumbered, modified, extinguished, or real rights on real property are being affected.

*Id*. at 36.

On November 16, 2017, the Bankruptcy Court issued an Opinion and Order denying appellant-debtor's motion for reconsideration, holding that appellant-debtor could not claim the homestead exemption under Puerto Rico law. **ECF No. 1-2**. Specifically, the Bankruptcy Court held that "[c]urrently, the titular registrant [with the Property Registry of Puerto Rico] of the real property in question is . . . not [appellant-debtor]," and that "[t]he titular registrant must be the individual claiming the homestead protection." **ECF No. 1-2** at 4-5.[5] On December 5, 2017, appellant-debtor opportunely filed a notice of appeal before this Court challenging the Bankruptcy Court's Opinion and Order denying appellant-debtor's motion for reconsideration, and the parties filed their corresponding briefs thereafter. **ECF Nos. 1, 4, 6, 7, 10**.

## II.    Standard of Review

On appeal from the bankruptcy court, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013; 28 U.S.C § 158. District courts review a bankruptcy court's

---

[4] Appellant-debtor refers to Article 17 of the Puerto Rico Mortgage Act, as amended, P.R. Laws Ann. tit. 30, § 6032.
[5]  In the November 16, 2017 Opinion and Order, the Bankruptcy Court did not address the issue of the timeliness of appellee-creditor's objection to the homestead exemption.

Case:19-06953-ESL13 Doc#:54 Filed:06/10/20 Entered:06/10/20 11:45:06 Desc: Main
Document Page 38 of 53
Case 3:17-cv-02945-ADC Document 12 Filed 09/23/20 Page 7 of 17

Civil No. 17-2345 (ADC)                                                    Page 7

findings of fact under the "clearly erroneous" standard and its conclusions of law under de novo review. *Brandt v. Repco Printers & Lithographics, Inc.* (*In re Healthco Int'l, Inc.*), 132 F.3d 104, 108 (1st Cir. 1997). Specifically, if the issue on appeal is essentially one of statutory interpretation, the court shall review the issue de novo. *In re San Miguel Sandoval*, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)). For instance, a bankruptcy court's disallowance of an exemption is generally subject to de novo review. *In re Massey*, 465 B.R. at 723.

Additionally, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." *In re San Miguel Sandoval*, 327 B.R. at 506 (quoting 9E Am. Jur. 2d Bankruptcy § 3512 (2004)). "'Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" *Perry v. Warner* (*In re Warner*), 247 B.R. 24, 25 (1st Cir. BAP 2000) (quoting *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co.*, 864 F.2d 927, 929 (1st Cir.1988)). In light of the above, the Court in the instant case reviews for abuse of discretion appellant-debtor's challenge regarding the timeliness of the filing of appellee-creditor's objections to the homestead exemption. Moreover, the Court reviews de novo the Bankruptcy Court's granting of appellee-creditor's objection to appellant-debtor's claim for the homestead exemption.

The instant matter on appeal concerns the denial by the Bankruptcy Court of appellant-debtor's motion to reconsider. **ECF No. 1-2**. Thus, in addition to the standards summarized above, the Court shall evaluate the order being appealed pursuant to Federal Rule of Bankruptcy Procedure 9023 ("Rule 9023") and Federal Rule of Civil Procedure 59 ("Rule 59"). *In re Sonera*, 14-03925 BKT, 2015 WL 4464502 at *2 (Bankr. D.P.R. July 21, 2015) (Slip Copy). Under Rule 9023, "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Furthermore, pursuant to Rule 59, a party seeking reconsideration "must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir. 2005) (quoting *Pomerleau v. W. Springfield Pub. Sch.,* 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In *Marie,* the First Circuit noted four grounds under which for granting a Rule 59 motion for reconsideration may be granted: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." 402 F.3d at 7 n. 2 (citing Charles Alan Wright et al., 11C Federal Practice & Procedure § 2810.1 (2d ed. 1995)). A reconsideration of a judgment under Rule 59 is directed at allowing a court to correct its own errors. *Aybar v. Crispín-Reyes*, 118 F.3d 10, 15 (1st Cir. 1997).

### III.    Discussion

Appellant-debtor brings forth two main arguments: (i) abuse of discretion by the Bankruptcy Court in considering appellee-creditor's objection to appellant-debtor's claim of the homestead exemption, even though appellee-creditor's objections were tardy; and (ii) erroneous

application and interpretation of law as to appellant-debtor's claim of the homestead exemption.

**ECF Nos. 4-1, 6**. Appelle opposes. **ECF No. 10**.

### 1-      The Bankruptcy Court did not abuse its discretion in entertaining appellee-creditor's objection to appellant-debtor's claim for the homestead exemption.

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the

bankruptcy estate subject to the debtor's right to reclaim certain property as exempt under

applicable law. 11 U.S.C. §§ 522, 541, *In Re Colón*, 525 B.R. 1, 2 (Bankr. D.P.R. 2015). In Puerto

Rico, among the exemptions that may be claimed is the homestead exemption over a debtor's

principal residential property under the Puerto Rico Home Protection Act. Exempt property will

be excluded from the bankruptcy estate unless a party in interest objects. 11 U.S.C. § 522(l); *see*

*Schwab*, 560 U.S. at 770. A creditor generally shall file objections to a debtor's claimed exemptions

under the thirty-day term provided under Rule 4003(b). However, said term to object does not

apply if a claimed exemption is valid from the face of the debtor's pertinent filings. *Id., In re*

*Massey*, 465 B.R. at 726.

As summarized above, the appellant-debtor declared the Puerto Rico homestead

exemption in a notarial act and a sworn statement prior to filing the ongoing bankruptcy

petition. She then filed an amended Schedule C in the bankruptcy proceedings including said

exemption. Subsequently, appellee-creditor filed a claim as secured creditor in the bankruptcy

proceedings as to the mortgage that encumbered the residential property. Appellant-debtor then

initiated adversary proceedings against appellee-creditor, disputing the latter's secured creditor

Case:19-06953-ESL13 Doc#:54 Filed:06/10/20 Entered:06/10/20 11:45:06 Desc: Main
Document Page 41 of 53
Case 3:17-cv-02345-ADC Document 22 Filed 09/28/20 Page 100 of 1

Civil No. 17-2345 (ADC)                                                      Page 10

status. The Bankruptcy Court declared appellee-creditor's claim as unsecured due to the lack of successive chain of ownership title at the Property Registry of Puerto Rico, rendering the mortgage lien void.

Generally, the homestead protection "does not extend to claims from mortgagees, state and federal tax authorities, eligible contractors, or other state and federal entities specified [in the Puerto Rico Home Protection Act]." *In re Nazario*, 533 B.R. at 4; P.R. Laws Ann., Tit. 31 § 1858a. In that respect, according to appellee-creditor, "as of . . . the time when [d]ebtor filed her amended Schedule C, [appellee-creditor] had a recorded lien senior to any homestead claim the Debtor may have had. Accordingly, neither appellee-creditor nor the Chapter 13 trustee were in need of filing an objection" at that time. **ECF No. 6-1** at 50.

In light of the above, the Court holds that appellant-debtor's claim of homestead exemption seemed valid on its face when she claimed it in the bankruptcy proceedings by means of an amended Schedule C, for which appellee-creditor was not bound by the 30-day term to file an objection under Rule 4003(b). *See Schwab*, 560 U.S. at 770; *In re Massey*, 465 B.R. at 726. The objection in question was prompted by appellee-creditor's subsequent loss of its secured-creditor status upon the Bankruptcy Court's order in the adversary proceedings initiated by appellant-debtor. As such, the Bankruptcy Court did not abuse its discretion by entertaining appellee-creditor's objection to appellant-debtor's claim of homestead exemption.

Case:19-00953-ESL13 Doc#:54 Filed:06/10/20 Entered:06/10/20 11:45:06 Desc: Main
Document Page 42 of 53
Case 3:19-cv-02345-ADC Document 2 Filed 09/28/20 Page 19 of 19

Civil No. 17-2345 (ADC)                                                                    Page 11

**2-     The Bankruptcy Court erred in its interpretation of applicable law when it denied appellant-debtor's motion to reconsider**.

Even though the Bankruptcy Court did not abuse its discretion by entertaining appellee-creditor's objection to appellant-debtor's Puerto Rico homestead exemption, it reached an erroneous legal conclusion when adjudicating the substantive legal controversy at hand, thus warranting reversal. In essence, the Bankruptcy Court held that appellant-debtor could not claim the Puerto Rico homestead exemption because appellant-debtor did not appear as the title owner with the Property Registry of Puerto Rico, even though she is the legal owner of the residential property by virtue of a purchase deed. **ECF No. 1-2**.

"A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors*." In re Nazario*, 533 B.R. at 4 (citations and internal quotation marks omitted). When construing state-law exemptions, a state's rules must be followed. *Id*. at 5. "In Puerto Rico, exemptions are construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker. Questions of applicability of a Puerto Rico exemption must be resolved in favor of the exemption." *In re López*, No. 12-09126 (ESL) (Bankr. D.P.R. 2013), 2013 WL 3490920 at *3 (not reported in B.R.) (citing *Laguna v. Quiñones*, 23 P.R. R. 358, 360–361, 23 D.P.R. 386, 389 (1916); *Marty Pérez v. Ramírez Cuerda*, 75 P.R.R. 808, 814, 75 D.P.R. 858, 864 (1954)); *see Caron v. Farmington Nat'l Bank* (*In re Caron*), 82 F.3d 7, 10 (1st. Cir. 1996) (federal courts are required to interpret exemption laws liberally in a debtor's favor "to reflect their remedial purposes").

As summarized above, the exemption object of the appeal at hand is under the Puerto Rico Home Protection Act. PR Laws Ann. tit. 31, § 1858-1858k. It was amended in 2012 "to clarify that the intent of the Puerto Rico Legislature is to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings." *In re Hernández*, 487 B.R. 353, 356 (Bankr. D.P.R. 2013). A bankruptcy debtor who wishes to properly claim the Puerto Rico Home Protection Act exemption must comply with the requirements of said law as of the date of the filing of the bankruptcy petition. *Id. at* 365. A review of the Puerto Rico Home Protection Act reveals a "less than artful construction" that requires a careful analysis of that statute "as a harmonious whole, with its various parts being interpreted within their broader statutory context in the manner that furthers statutory purposes." *Id*. at 362, 367.

Article 3 of the Puerto Rico Home Protection Act establishes the two essential requirements for an individual's entitlement to the Puerto Rico homestead right: (1) ownership of the property over which the homestead right is being claimed; and (2) that it be occupied as the principal residence by the individual claimant or his/her family. 31 P.R. Laws Ann. § 1858; *see In re Nazario*, 533 B.R. at 4; *In re Hernández*, 487 B.R. at 357; *Rivera García v. Registradora*, 189 P.R. Dec. 628, 636-637 (2013). The legislative intent of bestowing importance and security to the homestead right is reflected in Article 4, which provides that "[t]he homestead right shall not be waived[,] and any agreement to the contrary shall be declared null." 31 P.R. Laws Ann. § 1858a. That article lists exceptions to the homestead protection, including "all cases in which the

Case:19-06953-ESL13 Doc#:54 Filed:06/10/20 Entered:06/10/20 11:45:06 Desc: Main
Document Page 44 of 53
Case:3:15-cv-02348-ADC Document#2 Filed:09/26/18 Page 196 of 1

Civil No. 17-2345 (ADC)                                                      Page 13

protected property is [a] pledge for a mortgage." *Id.* Article 5 establishes the extent of the legal protection under the homestead right, while Articles 6, 7 and 8 provide that under certain circumstances, homestead rights shall continue after death, abandonment or divorce, and in cases of leasing or sale of the property. *Id.* at §§ 1858b-1858e.

Article 9 provides two ways in which property owners can assert their homestead right in certain cases: (i) by declaring it in the purchase deed upon acquisition of the property; or (ii) if the property has already been recorded with the Property Registry of Puerto Rico in the name of the homestead claimant, by "executing a declaration before a notary public stating that the parcel is covered by homestead protection." *Id.* at § 1858f. Neither of these instances are applicable in this case, since appellant-debtor purchased the residential property in 2004, whereas the Puerto Rico Home Protection Act object of this Opinion and Order was enacted in 2011 and amended in 2012. *Id.* at § 1858. Additionally, the residential property has not been recorded with the Property Registry of Puerto Rico in appellant-debtor's name, as summarized above.

Article 9 further establishes that "[i]nsofar as [a] property has been declared a homestead, the Property Registrar shall be required to make a notation stating that the property was so declared by its owner. Such declarations or notations shall only constitute prima facie evidence of the homestead right of such property." *Id.* at § 1858f. Accordingly, the recordation mandate included in Article 9 is directed at the Property Registry of Puerto Rico regarding notarial acts declaring homestead rights that titular registrants may present in order to secure legal rights

Case:19-06953-ESL13 Doc#:54 Filed:06/10/20 Entered:06/10/20 11:45:06 Desc: Main
Document Page 45 of 53
Case 3:17-cv-02345-ADC Document 22 Filed 09/28/20 Page 14 of 1

Civil No. 17-2345 (ADC)                                                          Page 14

over real property before third parties. *Id*. at §§ 1858f, 1871-1872; *see Marín v. Montijo*, 109 P.R.
Dec. 268, 272 (1979); 9 P.R. Offic. Trans. 351, 355-356. As such, Article 9 does not entail a
recordation requirement directed at homestead claimants upon which the validity of a
homestead rights declaration depends. *See id*.

Article 10 establishes a criminal penalty for the unlawful recording of a homestead right,
while Article 11 provides that "[t]he fact that a parcel has not been registered in the Property
Registry of Puerto Rico, or that the declaration of homestead has not been filed with or entered
in the Property Registry, shall in no way impair the owner's homestead right thereon, provided
that such right has been timely claimed as provided in [Article 12]." 31 P.R. Laws Ann. §§ 1858g-
1858h.

Article 12 indicates the procedural requirements for a judicial claim of homestead rights
when the claimant is faced with a foreclosure, garnishment, or other pre-judgment remedy
against the homestead property. *Id*. at § 1858i. Additionally, Article 12 states that "[n]o rural or
urban parcel shall be sold by virtue of judgment or foreclosure if it has been claimed to be or
held as homestead, whether or not it has been registered as such in the Property Registry, unless
any of the exemptions in [Article 4] applies." *Id*. Finally, Articles 13 and 14 provide that the
filing of homestead declarations before the Property Registry of Puerto Rico is exempted from
fees, and that the Office of Notarial Inspection shall inform the legal community of the
homestead rights law. *Id*. at §§ 1858j-1858k.

In light of the above, the Court holds that contrary to the Bankruptcy Court's conclusion in the instant case, the Puerto Rico Home Protection Act does not require that a homestead claimant's ownership title of a property be registered with the Property Registry of Puerto Rico in order for the claimant to declare a homestead right over that property. On the contrary, the essential requirements are the legal ownership of the property being claimed as a homestead, and that the property claimed as a homestead be the claimant's principal residence or that of his/her family. *Id*. at § 1858; *In re Nazario*, 533 B.R. at 4. Importantly, under Puerto Rico law, the existence or validity of legal ownership over real property does not depend on the owner's title being registered in the Property Registry of Puerto Rico. Specifically,

> [i]t is a well-known fact that, except for a mortgage title, art. 1774 of the Civil Code, or a title subject to the provisions of the Horizontal Property Act, 31 L.P.R.A. § 1291, the recording with the Registrar of Property is merely declarative and it is not a source of rights. *See Goenaga v. O'Neill de Milán*, 85 P.R.R. 162, 196 (1962); *Baldrich v. Registrar*, 77 P.R.R. 700, 705 (1954). The recording with the Registry is not a way of acquiring an interest on property, but of securing legally those rights already existing through publication in the registry. *Goenaga v. O'Neill de Milán, supra; see Jiménez v. Alvarez*, 69 P.R.R. 299, 308 (1948). Save for the two exceptions already mentioned,[6] in our jurisdiction property rights are constituted, conveyed, modified and extinguished pursuant to the provisions of the Civil Code and other applicable substantive laws.

*Marín*, 109 P.R. Dec. at 272; 9 P.R. Offic. Trans. at 355-356. For that reason and in light of the chronic recordation backlog at the Property Registry of Puerto Rico, "Article 11 of the [ ] Home Protection Act precisely addresses situations where the homestead right is claimed on a residence that is not registered at the Property Registry or where the express declaration of

---

6   The exceptions are titles subject to the Horizontal Property Act and mortgages. 31 P.R. Laws Ann. §§ 1291, 5042.

homestead has not been annotated or entered at the Property Registry." *In re Hernández*, 487 B.R. at 366; 31 P.R. Laws Ann. § 1858i.

In sum, appellant-debtor's right to the homestead claim is predicated on her legal ownership of the residential property and it being her principal residence or that of her family. 31 P.R. Laws Ann. § 1858; *see In re Nazario*, 533 B.R. at 4; *Rivera García*, 189 P.R. Dec. at 636-637. Her ownership of that residential property is established by a purchase deed pursuant to the Puerto Rico Civil Code. 31 P.R. Laws Ann. § 3453; *see Marín*, 109 P.R. Dec. at 272, 9 P.R. Offic. Trans at 355-356. Since the purchase deed was not recorded with the Property Registry of Puerto Rico, appellant-debtor is not the titular registrant of the residential property, but she is its legal owner nonetheless. 31 P.R. Laws Ann. §§ 3453, 1871-1872; *see In re Hernández*, 487 B.R. at 366; *Marín*, 109 P.R. Dec. at 272; 9 P.R. Offic. Trans. at 355-356. Furthermore, prior to the filing for bankruptcy in the ongoing case, appellant-debtor asserted her claim of Puerto Rico homestead rights over her residential property by means of a notarial act and a sworn statement before a Notary Public addressing the pertinent factors under the Puerto Rico Home Protection Act. **ECF No. 4-1** at 40-47.[7]

---

[7] The Court could not and did not consider the content of the notarial act, inasmuch as appellant-debtor did not provide a certified English translation of the same, as required under Local Civ. R. No. 5(g); *see Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 27 (1st Cir. 2011). Nonetheless, as summarized above, it is uncontested that appellant-debtor executed a notarial act and a sworn statement asserting the homestead rights prior to the filing of the ongoing bankruptcy case. Furthermore, the notarized sworn statement is in both English and Spanish, and the Court considered its content. **ECF No. 4-1** at 44-48.

### IV.     Conclusion

The Bankruptcy Court did not abuse its discretion in entertaining appellee-creditor's objections to appellant-debtor's claim for exemption. **ECF Nos. 1-2, 4-1** at 29-49. However, the Bankruptcy Court's denial of appellant-debtor's motion to reconsider is based on an erroneous interpretation of the legal precepts applicable to Puerto Rico homestead rights, as discussed above. The fact that appellant-debtor's title as legal owner of the residential property is not recorded with the Property Registry of Puerto Rico does not preclude her from claiming the Puerto Rico homestead exemption. The Bankruptcy Court erred in concluding otherwise. Thus, the Court hereby **REVERSES** the Bankruptcy Court's ruling at **ECF No. 1-2**. Moreover, the case is **REMANDED** to the Bankruptcy Court for proceedings consistent with this ruling.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of September, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**



Rosana Moreno <rmoreno@morenosolterolaw.com>

# Loss Mitigation Notice Letter | 19-06953 Wanda I. Santiago Salicrup | Loan#: 0701062028

**"Juan C. Fortuño Fas"** <jcfortuno@fortuno-law.com>                    Mon, Dec 16, 2019 at 6:35 PM
To: Rosana Moreno <rmoreno@morenosolterolaw.com>
Cc: Benjamin Rivera <brivera@fortuno-law.com>

Hola Rosana. Quedamos pendientes de recibir el estudio de título, lo estudiamos sin falta y te damos nuestro insumo.
Saludos,
Juan Carlos

> On Dec 16, 2019, at 6:06 PM, Rosana Moreno <rmoreno@morenosolterolaw.com> wrote:
>
>
> Hola Benjamin y Juan Carlos, buenas noches:
>
> En este caso nos percatamos que **NO** hay hipoteca debidamente inscrita, ni presentada.
>
> La deuda sería **NO** asegurada.
>
> Mañana a primera hora Tere de nuestra oficina les estará enviando el estudio de título.
>
> Por favor déjenos saber a la mayor brevedad posible.
>
> Gracias mil!
>
> Rosana
>
>
>
>
> On Tue, Dec 10, 2019 at 4:26 PM Benjamin Rivera <brivera@fortuno-law.com> wrote:
>> Estimada Licenciada Moreno:
>>
>> Usted representa al deudor de referencia en un caso de quiebra. Su cliente tiene un préstamo con
>> garantía hipotecaria con Banco Popular de Puerto Rico, a quien nuestro bufete representa.
>>
>> Por instrucciones de nuestro cliente, anejo un documento relacionado a alternativas de mitigación de
>> pérdidas para su consideración.
>>
>> Además, le informamos que de su cliente tener débito directo para el pago de la hipoteca, la misma
>> se cancela al momento de la notificación de la radicación de la quiebra. El cliente debe comunicarse
>> con el banco para efectuar sus pagos directos.
>>
>> Incluimos en la referencia de este mensaje ("Subject") el número de préstamo correcto para que el
>> mismo sea utilizado al radicar o enmendar el plan.

Moreno and Soltero Law Mail - Loss Mitigation Notice Letter - 19-06953 Wanda I. Santiago Silkrat, Loan: 076700282 6/10/20, 7:03 AM

Atentamente,

Benjamin Rivera

<image001.jpg>

CONFIDENTIALITY NOTE: This electronic transmission, including any attachments, contains
information belonging to Fortuño & Fortuño Fas P.S.C., or Fortuño & Rivera Font, L.L.C.  All
information in this electronic transmission is confidential, legally privileged and/or a trade secret. The
same is intended solely for the attention and use of the named addressee(s). If you are not the
intended recipient, please immediately advise the sender by e-mail or telephone that this message
has been inadvertently transmitted to you and delete this e-mail from your system, and destroy it
immediately after said notification. If you have received this transmission by error, you are hereby
notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents
of such communication is strictly prohibited. You are hereby warned that electronic messages may be
altered and that we will not be liable for any damages resulting from any modification, alteration or
falsification of an electronic communication that is originated by us.

[Quoted text hidden]



Rosana Moreno <rmoreno@morenosolterolaw.com>

# Loss Mitigation Notice Letter | 19-06953 Wanda I. Santiago Salicrup | Loan#: 0701062028

**Tere Bou** <tbou@morenosolterolaw.com>                                              Tue, Dec 17, 2019 at 3:52 PM
To: Rosana Moreno <rmoreno@morenosolterolaw.com>, Benjamin Rivera <brivera@fortuno-law.com>,
jcfortuno@fortuno-law.com, Jennifer Vazquez <jvazquez@morenosolterolaw.com>, Widalys Quiñones
<wquinones@morenosolterolaw.com>, Alejandra Soltero <asoltero@morenosolterolaw.com>

Buenas tardes Benjamín,

Te adelanto documento del registro.

Solicitamos una certificación registral.  Tan pronto la recibamos, te la hago llegar.

Saludos

*Teresita Bou López*
PO Box 679
Trujillo Alto, PR  00977
787-750-8160
787-750-8243
tbou@morenosolterolaw.com

[Quoted text hidden]

 **doc. de registro.pdf**
143K

Label Matrix for local noticing
0104-3
Case 19-06953-ESL13
District of Puerto Rico
Old San Juan
Wed Jun 10 06:19:08 AST 2020

BANCO POPULAR PR
FORTUNO & FORTUNO FAS CSP
PO BOX 9300
SAN JUAN, PR 00908-0300

CUSTO-COOP
URB REPARTO METROPOLITANO
1100 CALLE 54 SE
SAN JUAN, PR 00921-2731

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

ASOC. RES. SAN GERARDO, INC.
PO BOX 1043
SABANA SECA PR 00952-1043

ASOCIACION EMPLEADOS DE AEELA
PO Box 364508
San Juan, PR 00936-4508

AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADO
PO BOX 70101
SAN JUAN, PR 00936-8101

AUTORIDAD ENERGIA ELECTRICA
PO BOX 363928
SAN JUAN, PR 00936-3928

BANCO POPULAR
PO BOX 2708
SAN JUAN, PR 00936

BANCO POPULAR DE PUERTO RICO
PO Box 362708
San Juan PR 00936-2708

COOP A/C CUSTOM COOP
URB REPARTO METROPOLITANO
1100 CALLE 54 SE
SAN JUAN, PR 00921-2731

CRIM
PO BOX 195387
SAN JUAN, PR 00919-5387

Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

DEPARTAMENTO DE HACIENDA
PO BOX 9024140
SAN JUAN, PR 00902-4140

DEPARTMENT OF TREASURY
BANKRUPTCY SECTION 424 B
PO BOX 9024140
SAN JUAN, PR 00902-4140

ERS HOUSING ADMINISTRATION SERVICE
PO Box 1043
Sabana Seca, PR 00952-1043

HOME DEPOT
PO BOX 6497
SIOUX FALLS, SD 57117-6497

HOME DEPOT/CBNA
5800 SOUTH CORPORATE PLACE
Sioux Falls, SD 57108-5027

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

PREPA - BANKRUPTCY OFFICE
PO BOX 364267
SAN JUAN PR 00936-4267

SBA COMMERCIAL LOAN SERVICING CENTER
2120 RIVERFRONT DR  SUITE 100
LITTLE ROCK, AR 72202-1794

SEARS CARD
PO BOX 6283
SIOUX FALLS, SD 57117-6283

SMALL BUSINESS ADMINISTRATION
THIRD STREET 409
WASHINGTON, DC 20416-0001

SYNC/SAMS CLUB
PO BOX 965005
ORLANDO, FL 32896-5005

SYNCB/JCPENNEY MCC
PO BOX 956007
ORLANDO, FL 32896-0001

SYNCB/JCPENNEY MCC
PO BOX 965001
ORLANDO, FL 32896-5001

Synchrony Bank
c/o of PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

U.S. SMALL BUSINESS ADMINISTRATION
EL PASO LOAN SERVICING CENTER
10737 GATEWAY WEST SUITE 320
EL PASO, TX 79935-4910

US SMALL BUSINESS ADMINISTRATION
PO BOX 740192
ATLANTA, GA 30374-0192

ALEJANDRA SOLTERO CALDERON
PO BOX 364367
SAN JUAN, PR 00936-4367

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ROSANA MORENO RODRIGUEZ
MORENO & SOLTERO LAW OFFICE, LLC
P.O. BOX 679
TRUJILLO ALTO, PR 00977-0679

WANDA I SANTIAGO SALICRUP
URB SAN GERARDO
CALLE NEVADA 310
SAN JUAN, PR 00926-3307

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33