**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: WANDA I SANTIAGO-SALICRUP | Case No. 19-06953 (ESL) |
| Debtor | Chapter 13 |

**OMNIBUS REPLY TO DEBTOR'S OPPOSITION TO DOCKET NUMBER 52 [DOCKET NO. 53] AND REPLY TO DOCKET 42 [DOCKET NO. 55]**

**TO THE HONORABLE COURT:**

COMES NOW, **Banco Popular de Puerto Rico** ("BPPR"), through the undersigned attorney, and hereby files the following Omnibus Reply to Debtor's Opposition to Docket Number 52 [Docket no. 53] and Reply to Docket 42 [Docket no. 55]:

1. On June 9, 2020 and June 10, 2020, Debtor filed a belated written opposition and reply to BPPR's Motion for Entry of Order Granting as Unopposed the Motion for Reconsideration to Vacate or Modify Confirmation Order [Docket no. 52], requesting that because BPPR's Objection to Debtor's Claim of Exemption [Docket no. 35] and BPPR's motion for reconsideration to vacate or modify the confirmation order [Docket no. 42] dealt with Debtor's statutorily defective election of homestead, the Honorable Court should handle BPPR's objection and reconsideration together.

2. Rules have the force of law and therefore should be binding on all parties and the court that promotes them. Cf.

Tavárez v. Champion Prods., 903 F. Supp. 268 (D.P.R. 1995); Air Line Pilots Ass'n v. Precision Valley Aviation, 26 F.3d 220, 224 (1st Cir. 1994). "Rules are rules and the parties must play by them." Méndez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990).

3. On May 5, 2020, the due date to file a response, the Debtor requested a thirty (30) day extension of time to reply to BPPR's Motion for Reconsideration to Vacate or Modify Confirmation Order. See Docket No. 43.

4. This Honorable Court granted Debtor's request at Docket no. 44 in an order issued on May 6, 2020, which granted Debtor up to June 4, 2020. The text of the order is as follows:

> *The motion filed by Debtor requesting extension of time of 30 days to reply to the motion for reconsideration, and to vacate or modify the order confirming plan (docket #43) is hereby granted.*
>
> *IT SO ORDERED.*
> *In San Juan, Puerto Rico, this Wednesday, May 6, 2020.*
>
> *s/Enrique S. Lamoute*
> *Enrique S. Lamoute*
> *United States Bankruptcy Judge*

5. June 4, 2020 went by and Debtor did not respond to BPPR's motion or comply with the Court's order. In fact, Debtor did not make any filings relevant to this matter until after BPPR filed its motion entry of order granting as unopposed the motion for vacate or modify the Order Confirming Plan, pursuant

2

to Bankruptcy Rule 9013-1(c)(2) and LBR 9013-1(c)(1). Debtor's utter disregard of the Court's order was evident, but Debtor's desperate attempts to belatedly beg the Honorable Court to delay action on an opposed motion is unjustified.

6. BPPR recognizes that the effective administration of justice requires that courts possess the capability to manage their own affairs. Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991.) Moreover, the Court of Appeals for the First Circuit has recognized that court have the "inherent authority to manage their dockets and sanction parties who fail to comply with court orders and deadline." Román v. Carrión (In re Rodríguez González), 396 B.P. 790, 798 n.6 (B.A.P. 1st Cir. 2008) (citations omitted) (addressing dismissal of adversary proceeding under Fed. R. Bankr. P. 7041)." In re Martínez, BAP No. PR 11-100, May 14, 2012 (BA.P. 1st Cir., 2012). "Neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (dismissing chapter 11 case for failure to abide by court orders). See In re Martínez, supra..

7. Fed. R. Civ. P. 6 b(1)(B) states in its pertinent part that "… on motion made after the time has expired if the party failed to act because of excusable neglect." Debtor did not present to the Honorable Court any excusable neglect for its

3

non-compliance with the rules or the Court's order.

8. Debtor could have taken steps to have her reply or opposition considered by the Court despite its untimely filing. Rule 9006(b)(1) supplies a mechanism by which the court may, with some exceptions, extend filing deadlines imposed by the Bankruptcy Rules, notices, or court orders. Rule 9006(b)(1) provides to the Court the authority, at its discretion, to enlarge the period if the request is made prior to the expiration of the period originally prescribed. The Rule provides the possibility of extending a deadline to the diligent party who asks the Court before the deadline expires. The Rule also provides a remedy for a party who misses a deadline due to excusable neglect. Under either circumstance an extension is not guaranteed but is allowed at the Court's discretion.

9. In re: Lizanne La Salle Rivera, No. 17-03771, 2018 WL 558459 (Bankr.D. Puerto Rico January 24, 2018), illustrates the consequences for the party who misses a deadline without asking for an extension and without showing excusable neglect. In that case, the creditor filed a proof of claim one day after the deadline provided by court orders. The debtor and chapter 13 trustee filed objections to the late filed claim. The Court denied the creditor's motion for a late filed claim, concluding that the creditor acted with neglect, which was inexcusable. The Court concluded that the creditor had knowledge of the

4

deadline. Creditor relied on the passing of hurricanes Maria and Irma to excuse the late filing.

10. In this case, Debtor did not even bother to file another motion to allow a late filed pleading pursuant to Rule 9006(b)(1). The court citing <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993) outlined the factors to consider when allowing a late filing or not,

> "Furthermore, in stressing the importance of the reasons behind the noncompliance with bar dates as opposed to the other factors when analyzing whether to allow a late filing or not, the Supreme Court added: **"If the goal of requiring neglect to be "excusable" is to deter culpable noncompliance, the consequences of such noncompliance should be irrelevant. To hold otherwise not only undermines deterrence, but excuses the inexcusable."** Id. at 404. Therefore,
>
>> [f]irst, we must examine the failure to act itself and ask if it resulted from excusable neglect. If it did, then the lower court may, in its discretion, permit untimely action in accord with the equities. But if the failure did not result from excusable neglect, there is no reason to consider the effects of the failure. Id."

<u>In re: Lizanne La Salle Rivera</u>, at page 2. (our emphasis)

11. This Honorable Court in <u>In re Acosta</u>, 497 B.R. 25 (Bankr. D. Puerto Rico 2013), concluded that "[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect". <u>Negron v. Celebrity Cruises, Inc.</u>, 316 F.3d 60, 62 (1st Cir.2003). "Failure to comply with

5

court's orders and deadlines ... is not excusable [neglect]."

12. Debtor is represented by a practicing attorney who presumably has knowledge of procedural rules and requested this Court for an extension of time to file, which the Honorable Court granted via the Order. Her counsel could have filed a motion pursuant to Rule 9006(b)(1) for this Court to consider Debtor's late-filed reply or opposition but for whatever reason counsel did not, until 5 days later and after BPPR had filed its motion requesting a remedy due to no opposition having been filed.

13. The First Circuit Court of Appeals has repeatedly held that "a party who flouts a court order does so at its own peril. See, e.g., Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir.2002). A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37 (1st Cir.2012) (citing Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir.1993)). The First Circuit has noted that "the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines." Legault v. Zambarano, 105 F.3d 24, 29 (1st Cir.1997).

14. "If he or she sets a reasonable due date, parties

6

should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance." Id. (citing Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990)). Because a court's interest in administering its docket is strong, "the court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders." This Circuit has reiterated a non-exclusive list of substantive factors to consider when reviewing sanctions orders: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir.2006). Without a doubt, the disregard of court orders qualifies as extreme behavior, and a court should not take such insolence lightly. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir.2005).

15. The bankruptcy court has "broad authority to exercise its equitable powers to ensure compliance with its own orders." Fatsis v. Braunstein (In re Fatsis), 405 B.R. 1, 7 (B.A.P. 1st Cir. 2009) (citing Ameriquest Mortg. Co. v. Nosek (In re Nosek), 544 F.3d 34, 43 (1st Cir. 2008)). "Section 105(a) confers '[on the bankruptcy court] statutory contempt powers' which 'inherently include the ability to sanction a party.'" 405 B.R.

7

at 7 (citing Nosek, 544 F.3d at 43-44). The court in Fatsis stated that "The test is whether the contemnor is 'able to ascertain from the four corners of the order precisely what acts are forbidden.'" 405 B.R. at 7 (citing Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 76 (1st Cir. 2002)). It added: "The 'clear and unambiguous' standard is limited to an examination of the language of the order and does not include an inquiry into the legal efficacy of the order itself." Id.

16. The order entered by this Court on May 6, 2020 was clear and unambiguous. Debtor willfully violated this Court's order, by filing a reply or opposition beyond the clear deadline of June 4, 2020 and P.R. LBR 9013-1(c). Additionally, Debtor failed to ask permission of this Court to file her late answer, or even to provide to the Honorable Court any special circumstances as to why she failed to comply with the Court's Order. The bankruptcy court has an inherent authority to manage its own docket. Therefore, Debtor's willful violation of this Court's order, allows this Court to deny the opposition and the reply, strike both from the record, and to grant BPPR's Motion for Reconsideration to Vacate or Modify Confirmation Order as unopposed.

WHEREFORE, for the reasons stated above, BPPR respectfully requests from the Honorable Court to deny and strike from the record the "Opposition To Docket Number 52" [Docket no. 53] and

8

"Reply To Docket Number 42" [Docket no. 55] filed by Debtor, and to grant BPPR's "Motion For Reconsideration To Vacate or Modify Confirmation Order" [Docket no. 42] as unopposed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on June 15, 2020.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee and to all CM/ECF participants.

    Counsel for Banco Popular de Puerto Rico
    Salichs Pou & Associates, P.S.C.
    PO BOX 195553
    San Juan, Puerto Rico 00919-5553
    Tel. (787) 449-6000
    Fax (787) 474-3892
    */s/Juan C. Salichs*
    USDC-PR No. 211610
    E-mail: jsalichs@splawpr.com