IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-06953 (ESL) |
| WANDA I. SANTIAGO SALICRUP | CHAPTER 13 |
| Debtor | FILED & ENTERED JU/10/2020 |

OPINION AND ORDER

This case is before the court on two interrelated matters, the objection to the debtor's claim for homestead exemption under the Puerto Rico Home Protection Act filed by Banco Popular de Puerto Rico ("BPPR") (dkt. #35) and the motion to vacate or modify the order entered on March 13, 2020 (dkt. #36) confirming the chapter 13 plan dated February 14, 2020 (dkt. #26) filed by BPPR (dkt. #42) on the ground that the court entered the order of confirmation prior to deciding the objection to the homestead exemption. The debtor has opposed both motions.

BPPR's objection to debtor's claim for homestead exemption is pursuant to Section 522(l) of the Bankruptcy Code, 11 U.S.C. §522(l) and Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure. The basis for the objection is that the debtor is not the registered titular of the real property over which the debtor claimed the homestead exemption and the debtor did not comply with articles 11 and 12 of the Puerto Rico Home Protection Act, 31 L.P.R.A. §1858i, by failing to:

(1) file a sworn motion including the description of the property being protected as entered in the Registry and a statement to the fact that she used the property as her principal residence pre-petition; (2) disclose in Schedule C whether or not her claimed homestead is registered at the Property Registry; (3 attach to Schedule C the sworn statement required in Article 12 of the PR Home Protection Act; (4) explain why the real property is not registered under her name.

BPPR correctly states that a debtor must have complied with the requirements of the Puerto Rico Home Protection Act as of petition date to properly claim the homestead exemption under Puerto Rico law. In re Hernández, 487 B.R. 353 (Bankr. D.P.R.2013).

-1-

The debtor opposes the objection by BPPR to the homestead exemption because the property was purchased from Jaime Luis Pérez Santiago on July 30, 2013. A deed of purchase and a mortgage deed were executed on the same date before a notary public. The deeds were presented to the Registry of the Property. Neither deed was registered due to defects on the same. Therefore, the property still appears registered under the name of Jaime Luis Pérez Santiago.

The day before the filing of the petition, that is, November 25, 2019, the debtor presented a Homestead Deed Declaration before the Registry of Property. The debtor included the property in schedule A, claimed the homestead exemption in schedule C and did not include BPPR as a secured creditor in Schedule D. The debtor alleges that "[t]he homestead exemption does not require registered ownership as does in other legal contracts under Article 17 of Puerto Rico's Mortgage and Registry of the Property Law, Law Number 210 of 2015, 30 L.P.R.A. section 6032 (hereinafter P.R. Mortgage Law). Under P.R. Homestead Exemption the Claimant does not have to be the registered owner of an existing property in the Registry of the Property, when a claimant has a full legal title and ownership outside the scope of the Registry of the Property." The actions by the debtor comply with article 9 of the Puerto Rico Home Protection Act and articles 11 and 12 are not applicable as the debtor is the owner of the property.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B and L).

Facts

The following facts are uncontested:

1. The real property in question is located at Urbanization San Gerardo, Calle Nevada #310, San Juan, Puerto Rico ("the property").

2. On July 30, 2013 the debtor executed a purchase deed and mortgage deed before a notary public. Through the purchase deed the debtor acquired the property from Jaime Luis Pérez Santiago. The purchase was for $162,000. The purchase deed and the mortgage deed were presented before the Registrar of the Property. Neither the purchase deed nor the mortgage deed was registered due to defects. The registered titular as of petition date was Jaime Luis Pérez Santiago.

3. On November 25, 2019 the debtor presented a Homestead Deed Declaration before the Registry of Property.

-2-

4. On November 26, 2019 the debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code.

5. The debtor included the property in Schedule A with a value of $180,000 and claimed the same as exempt in schedule C under the Puerto Rico Home Protection Act in the amount of $180,000.

6. BPPR filed an unsecured proof of claim in the amount of $143,172.94 (POC 2-1) on December 24, 2019. The claim has not been amended.

7. On February 14, 2020 the debtor filed a chapter 13 plan dated February 14, 2020 (dkt. #26).

8. On February 27, 2020 the debtor filed amended schedules A/B and C.

9. On March 4, 2020 the Chapter 13 trustee filed a favorable recommendation on the February 14, 2020 Chapter 13 plan.

10. On March 12, 2020 the debtor moved the court to enter an order confirming the chapter 13 plan.

11. On March 13, 2020 at 10:33 AM BPPR filed the objection to homestead exemption.

12. On March 13, 2020 at 2:25 PM the court entered the order confirming the chapter 13 plan.

Issue

The key issue in the contested matters before the court is to determine if under the particular circumstances of this case the debtor may claim a homestead exemption under the Puerto Rico Home Protection Act even though she is not the titular registrant of the real property claimed as exempt.

Discussion

The legal background for determining the issue before the court rests on three cases interpreting the Puerto Rico Home Protection Act. The cases are Méndez García v. Rushmore Loan Management Services, 2018 WL 4677669 (D.P.R. September 28, 2018); In re Rivera, 544 B.R. 475 (Bankr. D. P.R. 2016); and In re Hernández, 487 B.R. 353 (Bankr. D.P.R. 2013). The district court decision in Méndez García cites with approval the decision by this court in In re Hernández regarding claiming the homestead exemption pursuant to the Puerto Rico Home Protection Act. This court in In re Rivera also addressed how bankruptcy petitioners in Puerto Rico must claim the homestead right as an exemption in bankruptcy. The ultimate conclusion lies

in balancing and harmonizing the Puerto Rico Home Protection Act provisions in a manner that furthers its statutory purposes.

The commencement of a bankruptcy case creates a bankruptcy estate subject to the petitioning debtor's right to claim certain property as exempt under 11 U.S.C. §522. 11 U.S.C. §541(a); In re Rivera, 544 B.R. 475, 481 (Bankr. D.P.R. 2016). Exemptions claimed by a debtor are applicable as of petition date. 11 U.S.C. §522(b)(3); In re Hernández, 487 B.R. 364. A debtor who claims the homestead right as exempt under the Puerto Rico Home Protection Act must comply with its requirements, 31 L.P.R.A. §1858, as amended. In re Rivera, 544 B.R. 486; In re Hernández, 487 B.R. 365.

Article 9 of the Puerto Rico Home Protection Act establishes the general procedures to claim a right to homestead. An individual who acquires a property to establish a residence must file a Declaration of Homestead before the Property Registrar. If the property is already registered in the name of the individual the filing of the homestead declaration before a notary public with the Property Registrar shall suffice. The homestead deed and declaration "shall state that such property shall be used for residential purposes and that the owner has not declared any other property in or outside Puerto Rico as such."

Article 11 of the Puerto Rico Home Protection Act addresses situations when the homestead right is claimed on a residence that is not registered in the claimant's name on the Property Registry. Article 11 provides that the "fact that a parcel has not been registered in the Property Registry, or that the declaration of homestead has not been filed with or entered in the Property Registry, shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in §1858(i) [Article 12] of this title."

Pursuant to Article 12 the homestead right must be claimed through a "motion filed with the court within thirty (30) days as of the date in which foreclosure against the properties belonging to the defendant has been petitioned in order to comply with a ruling of a competent court; or from the time in which a pre-judgment attachment or garnishment or any other pre-judgment remedy is requested against the property against the property of the defendant to guarantee compliance with said ruling." Article 12 further elaborates on matters involving foreclosure proceedings against the property over which a homestead right is claimed.

When jointly considered, Articles 9, 11 and 12, provide the procedures for claiming the homestead right when the property is registered in the claimant's name and when the property is not registered in claimant's name. This court notes that it has previously stated the language of the

-4-

Puerto Rico Home Protection Act is "ambiguous" and that to determine how debtors must claim their homestead exemption in bankruptcy cases the court must harmonize the relevant provisions in the statute and read them as a harmonious whole within their broader statutory context in a manner that furthers statutory purposes. In re Hernández, 487 B.R. 367.

The facts of this case are similar to the ones in Méndez García wherein "the Bankruptcy Court held that the appellant-debtor could not claim the Puerto Rico homestead exemption because appellant-debtor did not appear as the title owner with the Property Registry of Puerto Rico, even though she is the legal owner of the residential property by virtue of a purchase deed." Méndez García v. Rushmore Loan Management Services, 2018 WL 4677669, page 4. The district court emphasized that the Puerto Rico Home Protection Act was amended in 2012 to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and agreed with this court's views on interpreting the Puerto Rico Home Protection Act as set forth in In re Hernández, Id at page 5. The district court held that "Article 9 does not entail a recordation requirement directed at homestead claimants upon which the validity of a homestead rights declaration depends." The district court further held that under Puerto Rico law, the existence or validity of legal ownership over real property does not depend on the owner's title being registered in the Property Registry of Puerto Rico." The district court concluded that debtor's homestead right is predicated on her legal ownership of the residential property, which is established by a purchase deed in accordance with the Puerto Rico Civil Code, 31 L.P.R.A. §3453. Therefore, although the purchase deed was not recorded with the Property Registry, the debtor was, as in this case, the legal owner. The district court noted that the debtor had asserted a homestead right claim prior to filing bankruptcy by means of a notarial act addressing the pertinent factors under the Puerto Rico Home Protection Act. The same action is present in the case before the court.

In this case the debtor acquired the real property that serves as her residence in 2013 by executing a purchase deed before a notary public. The deed was presented but has not been registered in the Property Registry. Prior to filing the bankruptcy petition the debtor executed a Homestead Declaration before a notary public and presented the same to Property Registry. The debtor filed a chapter 13 petition and included the purchased real property in the schedules and claimed the same as exempt under the Puerto Rico Home Protection Act. The real property was duly described, and the value was specifically disclosed as being $180,000. There is no question that the debtor is the owner of the property under Puerto Rico law.

The Puerto Rico Home Protection Act provides a homestead right to every individual residing in Puerto Rico who owns a property and occupies the same as a principal residence. The homestead right may not be waived except as provided in the act. The act specifically protects properties over which a homestead right has been claimed from attachment or foreclosure for the payment of debts except those in which there is a pledge for a mortgage. The homestead right claim procedures are governed by articles 9, 11 and 12, as stated above. The court notes that although article 11 provides a property that is not registered in the Property Registry may not impair the owner's homestead right provided there is compliance with article 12, a reading of article 12 shows that it is centered on protecting the owner's right to the homestead right in case of foreclosure. Such is not the case before the court. In this case the debtor acquired the property following applicable law. The non-inscription is not due to debtor's fault and appears to in the process of being resolved. The debtor executed a homestead declaration and submitted the same to the Property Registry.

Under the above particular circumstances, considered in their totality, and the purposes of the Puerto Rico Home Protection Act, the court concludes that the debtor's claim for homestead exemption under Puerto Rico law is valid. Therefore, BPPR's objection to the homestead exemption is hereby denied. Having denied the objection to the homestead exemption, the court need not address the request to set aside or modify the order confirming the chapter 13 plan.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this day 10th of July 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge